*9
 
 Jones, J.
 

 In the disposition of this case we assume that the allegations of the petition are, by the demurrer, confessed to be true. Attached to the petition is an exhibit containing important proceedings occurring at the trial, but which were eliminated from the bill of exceptions. These comprise motions for judgment made by both parties, colloquies concerning them occurring between court and counsel, the ruling of the court on both motions, and the finding of the court concerning the method of assessing plaintiff’s damages. The petition alleges that these proceedings actually occurred during the trial, but were elided from the bill by the trial judge. It is now urged that the determination whether a bill is true or otherwise rests in the discretion of the trial judge and that mandamus will not control his discretion in that respect. "We cannot adopt the argument of counsel for defendant in error in his insistence that the action of the judge is discretionary, or that his certificate is so conclusive that the higher courts cannot inquire into the correctness of the bill. Adherence to such a principle would confer powers that might prove to be arbitrarily or autocratically exercised; and so exercised as to deprive the complaining party of his right to prosecute error.
 

 It has frequently been held by this court that mandamus will lie to compel the trial judge to sign and allow a bill which a higher court finds to be true and correct. Nearly one hundred years ago this court upheld the use of the writ, and in the- course of its opinion said that its exercise “is to compel the court below to place upon the record a true statement of the facts as they, existed.”
 
 State, ex rel. Atkins,
 
 v.
 
 Todd et al., Judges, 4
 
 Ohio, 351.
 

 
 *10
 
 The use of the writ in similar cases has been upheld by this court in more recent cases.
 
 Beebe, Judge, v. State, ex rel. Starr Piano Co.,
 
 106 Ohio St., 75, 80, 139 N. E., 156;
 
 Konigsberg
 
 v.
 
 Lamports Co.,
 
 116 Ohio St., 640, 642, 157 N. E., 477.
 

 Naturally great weight should be given to the trial court and to his recollection and notes as to what occurred at the trial; and the burden of showing that the bill is untrue rests upon the party complaining. But when, as here, the relator asserts that material proceedings actually occurring upon the trial have been eliminated from the bill, and that in consequence of such elimination the certified bill is not true or correct, if such proceedings are not otherwise adequately shown by the record, mandamus will lie to compel the trial judge to sign and allow a true and corrected bill incorporating such proceedings therein.
 

 The Court of Appeals erred in sustaining the defendant’s demurrer to the petition, and the cause will be remanded to that court with instructions to overrule the demurrer and for further proceedings according to law.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.