84

THE STATE, EX REL. POMEROY, APPELLEE, *v.* WEBBER, JUDGE, APPELLANT.

(No. 38920—Decided April 7, 1965.)

*Mr. Dan K. Cook,* for appellee.

*Messrs. Sindell, Sindell, Bourne & Markus, Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. Henry T. Webber,* for appellant.

*Per Curiam.* Section 2321.07, Revised Code, provides:

"The trial judge, upon the receipt of a bill of exceptions, shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit it to the office of the clerk of the court from whom it was received, with any amendment or objections thereto."

Under such section, a mandatory duty is imposed on a trial judge to "allow and sign" a true bill.

"It is the duty of the trial judge to allow and sign a bill of exceptions when duly presented, if the same be correct; it is likewise his duty to correct errors therein, and upon refusal so to do a writ of mandamus may issue." *Beebe, Judge,* v. *State, ex rel. Starr Piano Co.,* 106 Ohio St. 75, 139 N. E. 156, second paragraph of the syllabus.

And it was held in the case of *State, ex rel. Hartford Fire Ins. Co.,* v. *Weygandt, Judge,* 123 Ohio St. 7, 9, 173 N. E. 614, that whether a bill is true or otherwise does not rest in the discretion of the trial judge, and a higher court may inquire into the correctness of the bill. Mandamus is the appropriate remedy to compel the trial judge to sign and allow a bill which a higher court finds to be true and correct.

In the present action, the Court of Appeals determined upon the evidence introduced before it that the bill presented to respondent was correct, and that a clear duty rested on him to allow and sign it.

There was evidence before the court of a character to warrant such conclusion. For this court to hold differently would entail passing upon the credibility of the witnesses and weighing the evidence.

Section 2505.31, Revised Code, states:

"In a civil case or proceeding, except when its jurisdiction is original, and except as provided by Section 2309.59 of the Revised Code [not pertinent here], the Supreme Court need not determine as to the weight of the evidence."

Although the above-quoted section is not controlling on this court, the following statement was quoted with approval in the case of *State, ex rel. Kobelt,* v. *Baker et al., Trustees of Police*

*Relief Fund of City of Parma,* 137 Ohio St. 337, 340, 29 N. E. 2d 960, 962, a mandamus action:

"In accordance with this statutory provision [now Section 2505.31, Revised Code], it is the established practice of the Supreme Court to refuse to weigh the evidence to determine its sufficiency or where the preponderance lies or whether correct conclusions as to the facts were reached by the court below." See 3 Ohio Jurisprudence 2d 782, Section 806.

Consequently, and in line with the preceding citations and comments, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the judgment.