THE STATE, EX REL. PRESSLEY, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

144

(No. 40506—Decided July 19, 1967.)

*Messrs. Roemisch & Wright* and *Mr. Thomas R. Chase,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd, Mr. Tony R. Kidd* and *Mr. William Culbert,* for appellant.

O'NEILL, J.   The first question which must be determined is: May this court assert or adhere to a rule which prevents it and the Court of Appeals from exercising constitutional original jurisdiction in mandamus on the ground that the remedy of statutory mandatory injunction (Section 2727.01 *et seq.*, Revised Code) is available in the Common Pleas Court to provide the relief sought?

The issue has been raised that the availability of statutory mandatory injunction is sufficient ground for this court to hold that it is error for this court and the Court of Appeals to exercise jurisdiction in an original mandamus action.

It is settled that the availability of statutory mandamus under Section 2731.01 *et seq.*, Revised Code (formerly Section 12283 *et seq.*, General Code; Section 6741 *et seq.*, Revised Statutes, as amended in 1880), is not ground for this court to adopt or adhere to a rule that an action in mandamus will not lie originally in this court except with the permission of the court.

From the decision announced in *State, ex rel. Werden,* v. *Williams, Clerk* (1875), 26 Ohio St. 170, until the pronouncement of the law in *State, ex rel. Toledo,* v. *Lynch, Aud.* (1913), 87 Ohio St. 444, 101 N. E. 352, this court adhered to a rule that mandamus must be filed in the District Court, and that an action in mandamus could not be filed originally in this court without the court's permission, for the reason that "it can more speedily and conveniently be heard in the District Court." *State, ex rel. Werden,* v. *Williams, Clerk, supra.*

*State, ex rel. Toledo,* v. *Lynch, Aud., supra,* held that the last sentence of Section 2 of Article IV of the Ohio Constitution, proposed by the 1912 Constitutional Convention and adopted by the Ohio electorate, effective January 1, 1913, which provides that "no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court," made the rule of *State, ex rel. Werden,* v. *Williams, Clerk, supra,* constitutionally invalid.   In the *Lynch case,* Shauck, C. J., at page 449, announced this rule of law: "The language of the provision [last sentence of Section 2 or Article IV] * * * will not permit this court either to adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction."

That was the settled law of this state from 1913 until June 9, 1954, when this court decided the cases of *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission,* 161 Ohio St. 555, 120 N. E. 2d 421, and *State, ex rel. D. L. Auld Co., Inc.,* v. *Morse et al., Indus. Comm.,* 161 Ohio St. 561, 120 N. E. 2d 424 (decided on authority of *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission, supra*).

Although no reference to the question was made in the syllabus of *Allied Wheel, supra,* certain language, including the citation of *State, ex rel. Werden,* v. *Williams, Clerk, supra,* and the denial of the writ without considering the case on the demurrer or on the merits, seems to represent an effort by the court to reinstate the rule of *State, ex rel. Werden,* v. *Williams, Clerk, supra,* which had been declared invalid in *State, ex rel. Toledo,* v. *Lynch, Aud., supra* (87 Ohio St. 444). That language in *Allied Wheel, supra,* at page 557, reads:

"Since both the Common Pleas Court and the Court of Appeals have the power and authority to issue such a writ, this court, in the exercise of its discretion, should use some discrimination in determining whether the controversy involved in an original action for mandamus in this court is such as to justify bringing the cause immediately to the Supreme Court instead of presenting it in the first instance to the Common Pleas Court or perhaps to the Court of Appeals. *State, ex rel. Werden,* v. *Williams, Twp. Clerk,* 26 Ohio St. 170."

For a discussion of *Allied Wheel, supra,* see 15 Ohio State Law Journal 474, Constitutional Law—Refusal to Take Jurisdiction on a Writ of Mandamus—by Bernard V. Fultz.

The contention stated in the language quoted above from *Allied Wheel, supra,* was directly before this court in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St. 302, 123 N. E. 2d 23 (decided December 8, 1954, just six months after *Allied Wheel, supra,* was announced). This court summarily disposed of that contention in the following language, at pages 305 and 306:

"* * * the respondent contends * * * that this court in exercising its constitutional jurisdiction and discretion in mandamus actions should deny the writ on the authority of *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission,*

161 Ohio St. 555, 120 N. E. 2d 421, and *State, ex rel. D. L. Auld Co., Inc.,* v. *Morse et al., Industrial Commission,* 161 Ohio St. 561, 120 N. E. 2d 424.

"'* * *

"This court ruled in *State, ex rel. City of Toledo,* v. *Lynch, Aud.,* 87 Ohio St. 444, 101 N. E. 352, that the provision of Section 2, Article IV of the Constitution, that 'no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court,' originally effective January 1, 1913, is mandatory and that this court may not adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction."

Therefore, it is now the settled law that it is not constitutionally permissible for this court to make a rule that it will not exercise jurisdiction in a mandamus action, filed originally in this court, on the ground that statutory mandamus is available in the Common Pleas Court. (Last sentence of Section 2, Article IV of the Ohio Constitution.) (*State, ex rel. Toledo,* v. *Lynch, Aud., supra; State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra,* approved and followed.)

A mandamus action which will lie originally in this court will also lie under statutory mandamus in the Common Pleas Court. How, then, can it be asserted, as is now contended, that a party who has drafted and filed in this court a petition which states a cause of action in mandamus, which mandamus action would also lie in the Common Pleas Court, must be told by this court that it will not exercise original jurisdiction in his mandamus action because he can change the label on that petition to statutory mandatory injunction and file it in the Common Pleas Court? Such an interpretation is barred by the language of the Constitution, last sentence of Section 2, Article IV, which says that "*no law shall, be passed* * * * whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.*" (Emphasis added.) Therefore, such an interpretation would constitute a circumvention by this court of the Constitution (last sentence of Section 2, Article IV) and the pronouncement of law in *State, ex rel. Toledo,* v. *Lynch, Aud., supra,* and the express intention of the Constitutional Convention of 1912.

In this instance, there is no relevant distinction between

statutory mandamus and statutory mandatory injunction which permits such a rule. Both remedies provide the same relief.

This contention (that this court should not exercise original jurisdiction in mandamus because the remedy of statutory mandatory injunction is available in the Common Pleas Court) has been advanced before in this court. In a concurring opinion in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), this same contention was advanced, at page 312, with the same arguments, the same reasons and citing some of the same authorities as in the instant case. However, only one member of the court adhered to that view. The court disposed of that contention made in the concurring opinion in *State, ex rel. Libbey-Owens-Ford Glass Co., supra*, with this statement, at page 307, in the majority opinion: "This jurisdiction [original mandamus] can not be enlarged or abridged by statutory enactment."

That contention was again advanced in a strong dissenting opinion in *State, ex rel. Selected Properties, Inc.,* v. *Gottfried*, 163 Ohio St. 469, 127 N. E. 2d 371 (decided June 8, 1955, just six months after *State, ex rel. Libbey-Owens-Ford Glass Co., supra*). That contention was directly before the court in that case. Again, only one member of the court was of that view and all other members of the court declined to agree on that point. *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra*, settled the law with regard to the question of whether the availability of statutory mandatory injunction was a ground upon which this court could refuse to exercise jurisdiction in an original action in mandamus.

However, that contention was most recently advanced, with the same arguments, reasons and some of the same citations of authority, in a concurring opinion in *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn.* (1967), 10 Ohio St. 2d 25, 225 N. E. 2d 246. A majority of this court again rejected the contention.

Irrespective of some of the language in the opinions in *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Highways* (decided June 22, 1966), 7 Ohio St. 2d 1, 218 N. E. 2d 177; *State, ex rel. Durek,* v. *Masheter, Dir. of Highways* (decided February 8, 1967), 9 Ohio St. 2d 76, 223 N. E. 2d 601;

*State, ex rel. Danford,* v. *Karl, Mayor* (decided February 8, 1967), 9 Ohio St. 2d 79, 223 N. E. 2d 602; and *State, ex rel. Federal Homes Properties, Inc.,* v. *Singer, Building Commr.* (decided February 15, 1967), 9 Ohio St. 2d 95, 223 N. E. 2d 824, it should be noted that the majority opinions in those cases did not consider the implications of the constitutional provision of the last sentence of Section 2, Article IV, or the controlling law stated in *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* (163 Ohio St. 469), or the numerous cases in this court and the Court of Appeals where a mandamus action was considered on the merits and either allowed or denied where statutory mandatory injunction and statutory mandamus were available in the Common Pleas Court—the correct rule of law is: The last sentence of Section 2 of Article IV of the Ohio Constitution, which provides that "no *law shall be passed* or rule made whereby any person shall be prevented from invoking the original jurisdiction [in mandamus] of the Supreme Court" (emphasis added), makes it constitutionally impermissible for this court to assert that the laws which were passed establishing the remedies of statutory mandatory injunction and statutory mandamus in the Common Pleas Court (Section 2727.01 *et seq.* and Section 2731.01 *et seq.,* Revised Code) are grounds for this court to adopt or adhere to a rule that would prevent a person from invoking the exercise of the original jurisdiction of this court or of the Court of Appeals in an action in mandamus. This constitutionally granted original jurisdiction of this court and of the Court of Appeals in mandamus cannot be abridged or limited by statutory enactment or by a rule based upon a statutory enactment. (*State, ex rel. Toledo,* v. *Lynch, Aud., supra* [87 Ohio St. 444]; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* [162 Ohio St. 302]; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* [163 Ohio St. 469]; and *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn., supra* [10 Ohio St. 2d 25], approved and followed.)

Both of these statutory remedies, under Section 2727.01 *et seq.,* Revised Code (statutory mandatory injunction), and Section 2731.01, Revised Code (statutory mandamus), were made available by statutes which were effective in 1880, which was

prior to the adoption and effective date of the above amendment to Section 2 of Article IV of the Ohio Constitution.

It is contended that *State, ex rel. Stine,* v. *McCaw,* 136 Ohio St. 41, 23 N. E. 2d 631, is contrary to the above-stated rule, and that to assert such a rule requires that *State, ex rel. Stine, supra,* be overruled. This is not correct. The basis for that contention is paragraph two of the syllabus of *State, ex rel. Stine,* v. *McCaw, supra,* which reads:

"Since the Supreme Court does not have original jurisdiction in injunction, mandatory. injunctive relief will not be granted by that court through an action in mandamus."

A reading of the opinion in that case by Hart, J., reveals the meaning of that syllabus. It states the correct rule of law that where a petition which is labeled an "action in mandamus" but its allegations, in effect, seek an injunctive remedy to restrain and enjoin the respondents rather than to compel respondents to perform a clear legal duty, *such a petition does not state a cause of action in mandamus* but states a cause of action in injunction, and, since this court does not have original jurisdiction in injunction, such a petition must be dismissed on the ground that it does not state a cause of action in mandamus. This is clear, from the words of Hart, J., at pages 43 and 44 in the opinion, as follows:

"The relatrix seeks to have Elinor Hixenbaugh, who is not a party to this action, ousted from her position through a court order requiring the respondents Smith and Emmons to discontinue her incumbency and to disapprove the payment of her salary. *In so doing the relatrix seeks, in effect, an injunctive remedy to restrain and enjoin these respondents from recognizing the so-called incumbent.* No specific official position is here involved, and the relatrix can be interested only in her own restoration to her former position.

"*This court has no original jurisdiction in injunction and the amended petition shows no cause of action in mandamus against the respondents Smith and Emmons. State, ex rel. Penn Mutl. L. Ins. Co.,* v. *Hahn,* 50 Ohio St. 714, 35 N. E. 1052.

"*The demurrer of the respondents Smith and Emmons to the amended petition is sustained on the ground that it does not state a cause of action against them* * * *.*" (Emphasis added.)

The only authority relied upon by Hart, J., in his opinion

is *State, ex rel.,* v. *Hahn, supra.* An examination of that case reveals that it supports Hart, J., and the ruling in *State, ex rel. Stine, supra,* but it is not contra to the rule stated above in this opinion. In *Hahn, supra,* the relator filed a petition in mandamus and a demurrer to the answer of the respondent, which demurrer was overruled. The basis for the court's ruling (*Hahn, supra*) is stated in the court's opinion, at page 718, as follows:

"* * * For such a complaint the remedy is clearly by injunction and not by mandamus.

"* * *

"It is manifest that the real object of the relator is to prevent the Superintendent of Insurance from revoking its license to do business in this state.

"* * *

"Should the license be revoked, and the relator should comply in all respects with the laws of this state, and the Superintendent of Insurance should refuse to issue a new license, he could be compelled to do so by mandamus; but this is not such case. Here the *object is to enjoin the superintendent from revoking the license.*

"True, the case of *State, ex rel.,* v. *Reinmund,* 45 Ohio St. 214, was a case like the one here under consideration, and the remedy was by mandamus; but the question as to remedy was not there raised, and seems not to have been thought of by any one connected with the case. It is, therefore, not an authority in favor of mandamus in such cases." (Emphasis added.)

Minshall, J., in a concurring opinion, states the rule of law succinctly, which is sound law today, as follows:

"* * * This is a suit for an injunction in the form of a proceeding in *mandamus.* The form, however, is nothing; it is the substance that gives real character to the proceeding. Hence, this court has no jurisdiction of the subject matter of the suit, and it should be dismissed for want of jurisdiction. * * *"

Obviously, this rule is not applicable where a petition in mandamus states a cause of action in mandamus. The fact that such a cause of action could also be stated in a petition for a statutory mandatory injunction in the Common Pleas Court is not ground under this rule for dismissing the petition in mandamus.

The correct rule of law stated above in *State, ex rel. Stine,*

v. *McCaw, supra* (136 Ohio St. 41), and *State, ex rel.,* v. *Hahn, supra* (50 Ohio St. 44), is the rule of law which this court stated in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302). Likewise, this rule supports and requires the result which was reached in *State, ex rel. Adams,* v. *Rockwell et al., Bd. of Edn.* (1957), 167 Ohio St. 15, 145 N. E. 2d 665, and *State, ex rel. Roger J. Au and Son, Inc.,* v. *Studebaker et al., Commrs.* (1963), 175 Ohio St. 222, 193 N. E. 2d 84. Although the language in the opinions in those two cases does not state the rule as accurately and clearly as it could be stated, an examination of the statements of fact in those cases indicates that in each case the real object of the relator was to prevent action by the respondent and, in fact, the suit was for an injunction in the form of a proceeding in mandamus, and, therefore, the result in each case was proper.

The next rule of law which should be discussed is stated in *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, 218 N. E. 2d 428. The first paragraph of the syllabus in that case reads:

"The writ of mandamus must not be issued, whether in the exercise of the court's discretion or otherwise, when there is a plain and adequate remedy in the ordinary course of the law. * * *"

Section 2731.05, Revised Code, provides:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

How is it that this court must not issue a writ of mandamus where, as in *State, ex rel. Sibarco Corp.,* v. *Berea, supra,* the statutory provisions of Chapter 2506, Revised Code, provide the owner of the property with a right of appeal and, therefore, a plain and adequate remedy in the ordinary course of the law, but on the other hand, where there is no right of appeal provided by statute, this court cannot refuse to exercise its original jurisdiction in mandamus where the petition states a cause of action in mandamus upon the ground that there is a *plain and adequate remedy* available in the *ordinary* course of the law provided by the statutory remedy of mandatory injunction (Section 2727.01 *et seq.,* Revised Code) and the statutory remedy of mandamus (Section 2731.01 *et seq.,* Revised Code)?

The answer is simple. The right of appeal provided by Chapter 2506, Revised Code, is a plain and adequate remedy *in the ordinary course of the law*, while the injunctive relief provided in Section 2727.01 *et seq.* and the mandamus relief provided in Section 2731.01 *et seq.* are extraordinary remedies not in the ordinary course of the law.

It is settled that mandamus is an extraordinary remedy and that its availability in the Common Pleas Court is not a ground upon which this court can refuse to exercise its original jurisdiction in mandamus (*State, ex rel. Libbey-Owens-Ford Glass Co., supra*). It is also settled that the right of appeal provided in Chapter 2506, Revised Code, is an adequate remedy in the ordinary course of the law (*State, ex rel. Sibarco Corp.*, v. *Berea, supra* [7 Ohio St. 2d 85] ).

Mandatory injunction is an extraordinary remedy. 29 Ohio Jurisprudence 2d 230, Injunctions, Section 52: "* * * A mandatory injunction, however, is an extraordinary remedy, and the right thereto exists only when some fundamental or organic right already vested has been abridged, infringed upon, or eliminated. * * *" *Waddick* v. *Merrill* (1904), 5 C. C. (N. S.) 103, 111; 43 Corpus Juris Secundum 409, Injunctions, Section 5: "A mandatory injunction is an extraordinary remedial process * * *." 28 American Jurisprudence 515, Section 25.

In *Perkins* v. *Quaker City* (decided April 4, 1956), 165 Ohio St. 120, 133 N. E. 2d 595, Zimmerman, J., said, at page 125:

"The authorities are agreed that injunction is an extraordinary remedy equitable in nature, and that its issuance may not be demanded as a matter of strict right. An application for an injunction is addressed to the sound discretion of the court * * * and its allowance is a matter of grace. * * *"

The syllabus in that case states:

"Injunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; the allowance of an injunction rests in the sound discretion of the court and depends upon the facts and circumstances surrounding the particular case * * *." This court can not make a rule that it is error for the Supreme Court or the Court of Appeals to exercise original jurisdiction in mandamus, where the petition states a proper cause of action in mandamus, upon

the ground that there is a plain and adequate remedy available in the *ordinary* course of the law provided by the statutory remedy of mandatory injunction. *Perkins* v. *Quaker City, supra* (165 Ohio St. 120) ; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302) ; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland* (1959), 169 Ohio St. 375, 160 N. E. 2d 1; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* (163 Ohio St. 469) ; and *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn., supra* (10 Ohio St. 2d 25), approved and followed.

As was said in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), at page 306: "Constitutional jurisdiction in mandamus was originally conferred upon the Supreme Court by the adoption of the original Section 2 of Article IV of the Constitution of 1851. This jurisdiction is the common-law jurisdiction that was exercised in Ohio at the time of the adoption of the constitutional provision in 1851. * * * This jurisdiction can not be enlarged or *abridged by statutory enactment.*" (Emphasis added.)

It is contended that *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra,* is authority for the proposition that it is error for this court or the Court of Appeals to exercise jurisdiction in mandamus where the remedy of statutory mandatory injunction is available and that to hold otherwise would require that case to be overruled.

An examination of that case indicates that such contention is not correct. That contention is based upon three statements in *State, ex rel. Libbey Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302). First, the statement at page 308: "A careful review of the decisions of this court indicates that the following principles are to be applied in considering whether the Supreme Court in the exercise of its discretion should grant the extraordinary writ of mandamus under its constitutional powers.

" * * *

"3. The extraordinary writ of mandamus may not be used as a substitute for a mandatory injunction."

An examination of the opinion indicates that, at page 307, the authority relied upon for that statement is *State, ex rel.*

*Stine,* v. *McCaw, supra* (136 Ohio St. 41). The court said: "This court in *State, ex rel. Stine,* v. *McCaw,* 136 Ohio St. 41, 23 N. E. 2d 631, held also that mandatory injunctive relief will not be granted by the Supreme Court through an action in mandamus, because it has no original jurisdiction in injunction."

As has heretofore been pointed out, that is a restatement of the rule set forth in *State, ex rel. Stine,* v. *McCaw, supra* (136 Ohio St. 41), and *State, ex rel.,* v. *Hahn, supra* (50 Ohio St. 714), that where an action is for an injunction in the form of a proceeding in mandamus and the manifest real object of the relator is to prevent an action rather than to compel the performance of a clear legal duty, the petition states a cause of action in injunction and not in mandamus and this court has no original jurisdiction in injunction under the Constitution and the cause of action must be dismissed for want of jurisdiction.

The second statement relied upon for the proposition that the availability of statutory mandatory injunction is a proper ground upon which this court can refuse to exercise original jurisdiction in mandamus is stated in the syllabus of *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), as follows: "A writ of mandamus will ordinarily be refused by the Supreme Court under its constitutional powers unless the relator shows affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies * * *." An examination of the opinion to determine what is meant by the words, "equitable remedies," reveals that the cases relied upon for this statement are *State, ex rel.,* v. *Carpenter* (1894), 51 Ohio St. 83, 37 N. E. 261; *Freon* v. *Carriage Co.* (1884), 42 Ohio St. 30; *State, ex rel. Shively,* v. *Nicholas, Judge* (1949), 151 Ohio St. 179, 84 N. E. 2d 918. An examination of those cases indicates that *State, ex rel.,* v. *Carpenter, supra,* holds that mandamus is not the proper remedy where an action in the ordinary course of the law for damages for the conversion of shares of stock may be maintained or where an action in equity for the specific performance of a contract may be had. The authority relied upon in *State, ex rel.,* v. *Carpenter, supra,* is *Freon* v. *Carriage Co., supra,* in which case a writ of mandamus was denied on the ground that there was no duty specifically enjoined by law. See

page 40 in the opinion, " * * * we cannot say, that it is a duty specially enjoined by law, but rather an implied duty growing out of the trust relation, which the officers bear to the stockholders," and that in that case there was a plain and adequate remedy at law by an action for damages for refusing to transfer shares of stock (see pages 38, 39 and 40 in the opinion). At page 43 in the opinion in *Freon, supra,* this statement appears: "That equity will often furnish relief in case of a refusal to transfer stock (or like cases of the breach trust) where the trust relation the directors bear to the shareholders is clear. * * * *Ham* v. *Toledo, W. & W. R. R. Co.,* 29 Ohio St. 174 * * *."

An examination of the opinion in *Ham, supra,* reveals that the nature of the equitable remedy referred to is "in the nature of the specific performance of a contract to secure an indebtedness by mortgage on specific property."

*State, ex rel.,* v. *Carpenter, supra* (51 Ohio St. 83), *Freon* v. *Carriage Co., supra* (42 Ohio St. 30), and *Ham* v. *Toledo, W. & W. R. R. Co., supra* (29 Ohio St. 174), involved private rights arising from a contract between private parties, which is the reason for the discussion concerning the equitable remedy for specific performance of a contract.

*State, ex rel. Shively,* v. *Nicholas, Judge, supra* (151 Ohio St. 179), stands for the proposition of law that "a writ of mandamus may not be invoked as a substitute for the remedy of appeal," which proposition is a correct statement of the law but is not controlling with regard to the effect of the availability of the extraordinary remedy of mandatory injunction.

The third statement relied upon as taking the position that the availability of statutory mandatory injunction is a proper ground upon which the court can refuse to exercise original jurisdiction in mandamus is the holding of the court in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), where the court determined the mandamus action upon its merits in the following language, at page 309:

"In our opinion, the action of the commission in this case was not such as to be considered arbitrary, unreasonable or unlawful and did not constitute a gross abuse of discretion. In effect, the relief sought by the relator is in the nature of a mandatory injunction and is primarily intended to enforce or

protect an alleged purely private right. On the authority of *State, ex rel. Coen,* v. *Industrial Commission,* 126 Ohio St. 550, 186 N. E. 398, *Copperweld Steel Co.* v. *Industrial Commission,* 142 Ohio St. 439, 52 N. E. 2d 735, *State, ex rel. Wilms,* v. *Blake et al., Industrial Commission,* 144 Ohio St. 619, 60 N. E. 2d 308, *State, ex rel. Bevis,* v. *Coffinberry et al., Industrial Commission,* 151 Ohio St. 293, 85 N. E. 2d 519, and *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission, supra,* the writ is denied.''

The above language makes it clear that this is a restatement of the rule of *State, ex rel. Stine,* v. *McCaw, supra* (136 Ohio St. 41). From the facts stated at page 309 in the opinion in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), it is clear that this court concluded that the commission had made an order granting the claimant a "review" by a "Medical Board of Review," and that the relator was, in effect, seeking to enjoin the carrying out of the commission's order for such a "review." Thus, in effect, the relator was seeking an injunction in the form of a proceeding in mandamus, and in accordance with the rule in *Stine, supra,* this court has no original jurisdiction in injunction.

The authorities cited at the end of the above statement, when examined, stand for the proposition that "mandamus will not lie to control discretion unless it be clearly shown that the refusal to perform the desired act is an abuse of such discretion." Paragraphs one, two and three of the syllabus of *State, ex rel. Wilms,* v. *Blake et al. Industrial Comm., supra* (144 Ohio State 619); paragraph one of the syllabus of *State, ex rel. Bevis,* v. *Coffinberry et al., Indus. Comm., supra* (151 Ohio St. 293); paragraph three of the syllabus of *Copperweld* v. *Industrial Commission, supra* (142 Ohio St. 439); and the syllabus in *State, ex rel. Coen,* v. *Industrial Commission, supra* (126 Ohio St. 550). The syllabus in *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission, supra* (161 Ohio St. 555), deals with the refusal to issue the extraordinary writ of mandamus where the purpose of the relator is primarily the enforcement or protection of a purely private right. The court, therefore, decided *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Com-*

*mission, supra* (162 Ohio St. 302), on the merits and on the rule of law that mandamus will not lie to control the discretion of a public official or commission, as the citation of authority for the holding of the court, at page 309, indisputably shows.

Nowhere in the majority opinion in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra,* is it asserted, nor is any authority cited which holds that the availability of the extraordinary remedy of statutory mandatory injunction is an "adequate remedy in the *ordinary course of the law.*" The only place where this contention appears in the opinions in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra,* is in the concurring opinion.

As has been pointed out previously in this opinion, that question was directly before this court just six months later in *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* (163 Ohio St. 469), and it was determined in that case by this court that the availability of the extraordinary remedy of statutory mandatory injunction is not a proper ground upon which this court can refuse to exercise its constitutionally granted original jurisdiction in mandamus.

There is no conflict between *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra,* and the holding which is announced today in the instant case.

The only reason stated for the contention that this court should deny a writ of mandamus on the ground of the availability of statutory mandamus or statutory mandatory injunction in the Common Pleas Court is the reason stated first by Swan, J., in *Ex parte Shaw,* 7 Ohio St. 81; restated by Shauck, C. J., in *State, ex rel. Toledo,* v. *Lynch, Aud., supra* (87 Ohio St. 444); and restated in the opinion in *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission, supra* (161 Ohio St. 293). It can be restated here simply by pointing out that members of this court, including several of the present members of the court, have long held the opinion that this court should not be called upon, in most instances, to hear and determine original actions in mandamus. If this were constitutionally permissible, it would permit this court to reduce its work and shift the burden of handling those cases to the Common Pleas Court. Such a rule was followed from 1875 until 1913. However, the delegates

to the Constitutional Convention of 1912 did not agree with this rule of practice of the Supreme Court and proposed the last sentence of Section 2 of Article IV to stop such practice, and the electorate of Ohio adopted that amendment.

Shauck, C. J., in *State, ex rel. Toledo,* v. *Lynch, Aud., supra* (87 Ohio St. 444), at page 449, in a salutary admonition to himself and the members of his court, which is equally applicable to this court, stated what must be the correct position for this court, as follows:

" * * * if in an instrument of this character [the Ohio Constitution] a purpose is clearly indicated all language which will admit of it must be so construed as to aid that purpose. The language of the provision now under consideration [last sentence of Section 2 of Article IV] will not permit this court either to adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction. To so construe it would beget a consciousness that we are entertaining a bill in equity to reform the provision for mistake. *The duty of subordination to the law rests nowhere more impressively than upon a tribunal which is not otherwise subordinate. The adjudications of a court of last resort must so enforce and so obey the provisions of fundamental law as to make popular government possible.* To make it practicable is the duty of the electors." (Emphasis added.)

The next problem concerns the question of this court's discretion in granting a writ of mandamus.

It cannot be denied that the decisions of this court have been inconsistent and conflicting on this point because of the inprecise and inaccurate language used in some of the opinions of this court. The correct rule of law is that when a petition, which properly states a cause of action in mandamus, is filed in this court this court has no authority to exercise discretion, but is required to exercise its original jurisdiction in mandamus conferred upon it by Section 2 of Article IV of the Ohio Constitution. (*State, ex rel. Toledo,* v. *Lynch, Aud., supra* [87 Ohio St. 444]; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* [163 Ohio St. 469], approved and followed.) When a petition which properly states a cause of action in mandamus is filed in this court or in the Court of Appeals and

the exercise of the jurisdiction of the court is invoked, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither this court nor the Court of Appeals has authority to exercise discretion but those courts are required to deny the writ. *(State, ex rel. Shively,* v. *Nicholas, Judge, supra* [151 Ohio St. 179], and *State, ex rel. Sibarco Corp.,* v. *Berea, supra* [7 Ohio St. 2d 85], approved and followed.) (Note that paragraph two of the syllabus of *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County* [1959], 170 Ohio St. 30, 162 N. E. 2d 118, which is contra to this rule, was overruled by paragraph one of the syllabus in *State, ex rel. Sibarco Corp.,* v. *Berea, supra* [7 Ohio St. 2d 85].)

Where a petition which states a proper cause of action in mandamus is filed in this court invoking its jurisdiction, this court has no authority to exercise jurisdictional discretion and the refusal of this court to exercise jurisdiction, on the ground that either of the extraordinary remedies of statutory mandatory injunction or statutory mandamus is available in the Common Pleas Court, is constitutionally impermissible under the last sentence of Section 2 of Article IV of the Ohio Constitution. *(State, ex rel. Toledo,* v. *Lynch, Aud., supra* [87 Ohio St. 444]; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* [162 Ohio St. 302]; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* [163 Ohio St. 469]; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland, supra* [169 Ohio St. 375]; *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn., supra* [10 Ohio St. 2d 25]; *Perkins* v. *Quaker City, supra* [165 Ohio St. 120], approved and followed.)

Where a petition stating a proper cause of action in mandamus is filed originally in this court, invoking its jurisdiction, and there is no plain and adequate remedy in the ordinary course of the law and the mandamus action is heard on its merits, the relator is not entitled to the allowance of the writ as a matter of right; "* * * mandamus is not a writ of right and its allowance or refusal is a matter of discretion with the court before whom the application for the writ is heard." 55 Corpus Juris Secundum 25, Section 9 a. See, also, *Ib.* 29, Section 9 b, Nature of Discretion, where it is stated:

"The discretion which the court may exercise in granting or denying mandamus is not an arbitrary discretion, but the discretion in granting or denying mandamus is a judicial or legal one, to be exercised on equitable principles and in accordance with well settled rules of law. Where under these rules a clear right to the issuance of the writ is shown, it is an abuse of discretion for the court to deny the application for the writ, and it has similarly been held that the allowance of the writ may constitute a palpable abuse of discretion where relator does not establish his right to the relief requested.

"The court in the exercise of its discretion may and should take into consideration a wide variety of circumstances in determining whether the writ should issue. It may and should consider the facts of the particular case, the exigency which calls for the exercise of its discretion, the consequences of granting the writ, and the nature and extent of the wrong or injury which would follow a refusal of the writ. The court is not bound to allow the writ merely because applicant shows a clear legal right for which mandamus would be an appropriate remedy, even though without mandamus applicant for the writ would be without remedy. The writ will not be issued on mere technical grounds, and it may be granted or refused depending on whether or not it promotes substantial justice."

In 35 Ohio Jurisprudence 2d 285, Section 37, Discretion as to Issuance, Generally, it is stated:

"It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ. It is manifest, therefore, that mandamus will not be awarded in all cases, even where a prima facie right to relief is shown, but regard will be had to the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the

particular case. A court in exercising the extraordinary power of mandamus will take into consideration the facts and circumstances existing at the time it determines whether to issue a peremptory writ. Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

"On the other hand, although the allowance of a writ of mandamus rests in the sound discretion of the court, the exercise of such discretion must be consistent with legal right and must not be so exercised as to defeat the rights of persons clearly recognized and supported by sound and well-established principles of law."

The question in the instant case involves a mandamus action which was filed in the Court of Appeals, and is before this court on appeal as a matter of right. Even though the constitutional provision of the last sentence of Section 2 of Article IV is not applicable to the Court of Appeals, the same rules concerning the constitutional original jurisdiction of the Supreme Court in mandamus apply to the Court of Appeals. (Section 6, Article IV of the Ohio Constitution.) There is no sound reason why it should be otherwise.

The Court of Appeals can not refuse to exercise original jurisdiction in mandamus on the ground of the availability of the extraordinary remedies of statutory mandatory injunction and statutory mandamus in the Common Pleas Court. Those are not plain and adequate *remedies in the ordinary course of the law. Perkins* v. *Quaker City, supra* (165 Ohio St. 120).

The rules of law governing the original jurisdiction of this court and of the Court of Appeals in mandamus may be summarized as follows:

1. Where a public officer or agency is under the clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the law, an action in mandamus will lie in the Supreme Court or in the Court of Appeals.

2. Mandamus will not lie in the Supreme Court or in the Court of Appeals if there is a plain and adequate remedy available in the ordinary course of the law. Mandamus cannot be used as a substitute for appeal. (*State, ex rel. Shively,* v. *Nicholas, Judge, supra* [151 Ohio St. 171], and *State, ex rel. Sibarco Corp.,* v. *Berea, supra* [7 Ohio St. 2d 85], approved and followed.)

3. Where an action is in the form of a proceeding in mandamus, but it is manifest that the real object of the relator is for an injunction, the court has no original jurisdiction of the subject matter of the suit and the cause must be dismissed for want of jurisdiction. (*State, ex rel. Stine,* v. *McCaw, supra* [136 Ohio St. 41]; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* [162 Ohio St. 302]; *State, ex rel. Adams,* v. *Rockwell et al., Bd. of Edn., supra* [167 Ohio St. 15]; *State, ex rel. J. Roger Au and Son, Inc.,* v. *Studebaker et al. Commrs., supra* [175 Ohio St. 222], approved and followed.)

4. The extraordinary remedies of statutory mandamus and statutory mandatory injunction are not plain and adequate remedies in the *ordinary* course of the law, and the availability of these remedies in the Common Pleas Court is not a ground upon which this court can adopt or adhere to a rule that it is error for this court or the Court of Appeals to exercise original jurisdiction in a mandamus action, where statutory mandamus or statutory mandatory injunction is available. (*Perkins* v. *Quaker City, supra* [165 Ohio St. 120]; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra* [163 Ohio St. 469]; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland, supra* [169 Ohio St. 375]; and *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn., supra* [10 Ohio St. 2d 25], approved and followed.)

5. A court, in its consideration of the allowance or denial of the writ of mandamus on the merits, will exercise its sound legal and judicial discretion based upon all the facts and circumstances in the individual case, and the justice to be done.

6. Mandamus will not lie to enforce a private right against a private person.

7. Mandamus will lie to permit a private individual to compel a public officer to perform an official act where he is under a clear legal duty to do so, and where such a relator has an

interest, such as that of a taxpayer, or where the relator is being denied a private right or benefit by reason of the public officer's failure to take action to perform that which he is under a clear legal duty to perform.

8. The Court of Appeals is governed by the same rules that govern the Supreme Court with regard to their original jurisdiction in mandamus actions. On an appeal as a matter of right from a judgment of the Court of Appeals in a mandamus action filed originally therein, the Supreme Court will review the judgment of the Court of Appeals, as if the action had been filed originally in the Supreme Court, to determine the following questions:

(a) Is the respondent under a clear legal duty to perform an official act?

(b) Is there a plain and adequate remedy in the ordinary course of the law?

(c) Does the petition, although in the form of a proceeding in mandamus, in effect seek an injunction?

(d) Whether, on the question of the allowance or denial of the writ on the merits, the Court of Appeals abused its discretion.

In the instant case, the respondent is under a clear legal duty to exercise its discretion; there is no plain and adequate remedy in the ordinary course of the law; and, therefore, the action in mandamus is properly assertable in the Court of Appeals. The appellant is asking this court to weigh the sufficiency of the evidence upon which the Court of Appeals rendered its unanimous decision. See *State, ex rel. Pomeroy,* v. *Webber, Judge,* 2 Ohio St. 2d 84, 206 N. E. 2d 204, decided April 7, 1965.

The record in this case supports a ruling that the Court of Appeals, in allowing the writ on the merits, did not abuse its discretion.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS and HERBERT, JJ., concur.
TAFT, C. J., SCHNEIDER and BROWN, JJ., dissent.

HERBERT, J., concurring. I concur in the majority opinion and judgment for the reason that lawyers, in the practice of

their profession, in the service of the public should be allowed to use every procedure provided in the Constitution or statutes duly enacted by the General Assembly. See also Section 2506.01 of the Revised Code, which provides that:

"The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code is *in addition to any other remedy of appeal provided by law.*" (Emphasis added.)

TAFT, C. J., dissenting. I concur in paragraphs one, three, four,[1] seven, eight and ten of the syllabus and in paragraph two thereof except for the reference therein to *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St. 469; but I dissent from the judgment and from paragraphs five and six of the syllabus so far as they indicate that mandatory injunction cannot be an adequate remedy in the ordinary course of the law that will support denial of a writ of mandamus, and from paragraph nine thereof so far as it approves use of mandamus for enforcement of a private right of the relator where such enforcement is of no interest to the public.

In support of its statements that a writ of mandamus cannot be denied on the ground that relator has an adequate remedy by way of mandatory injunction, the majority opinion contends that such a conclusion is required by the last sentence added to Section 2 of Article IV of the Ohio Constitution in 1912 and reading: "No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court."[2]

A similar contention with respect to the original jurisdiction of this court was considered and rejected in *State, ex rel. Lindley,* v. *Maccabees* (1924), 109 Ohio St. 454, 142 N. E. 888.

---

[1] I assume that the last word "jurisdiction" in paragraph 4 is not used in its ordinary sense. The court obviously has jurisdiction but should not exercise it in the instance specified. In other words (to borrow some of the words used by the majority opinion in the instant case in summarily disposing of the per curiam opinions in *State, ex rel. Adams,* v. *Rockwell, supra* [167 Ohio St. 15], and *State, ex rel. Roger J. Au & Son, Inc.,* v. *Studebaker, supra* [175 Ohio St. 222]) paragraph 4 of the syllabus of the instant case "does not state the rule as accurately and clearly as it could be stated."

[2] It may be noted that there is no such provision with respect to the original jurisdiction of the Court of Appeals, which is what is involved in the instant case.

There, paragraph two of the syllabus states, with respect to the original jurisdiction in quo warranto conferred on this court, that that constitutional section as so amended "safeguards the remedy only where the law empowers its exercise."

In the opinion by Jones, J., it is stated at page 460:

"* * * In the adoption of this provision it was undoubtedly the purpose of the constitutional clause to make ineffective the rule of this court theretofore adhered to, *which required its leave* before its original jurisdiction could be invoked. That this purpose was attained and its former requirement for leave to file a petition in a case of original jurisdiction rendered ineffective is conclusively shown by the syllabus, and by Chief Justice Shauck's opinion, in *State, ex rel. City of Toledo,* v. *Lynch,* 87 Ohio St. 444, 101 N. E. 352."[3]

Such a contention (this time with respect to mandamus) was again considered and rejected in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission* (1954), 162 Ohio St. 302, 123 N. E. 2d 23. There, it is stated in the *majority* opinion, at page 305:

"Section 2, Article IV of the Ohio Constitution, provides in part as follows:

" 'It [the Supreme Court] shall have original jurisdiction in * * * mandamus * * * and such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law. * * * No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.'

"No statutory law has been called to our attention which confers revisory jurisdiction directly on the Supreme Court over decisions of the Industrial Commission in administering the compensatory provisions of the Workmen's Compensation Act.

"This court ruled in *State, ex rel. City of Toledo,* v. *Lynch, Aud.,* 87 Ohio St. 444, 101 N. E. 352, that the provision of Section 2, Article IV of the Constitution, that 'no law shall be passed

---

[3] The *Lynch case* involved an application for leave to file an original petition in mandamus in the Supreme Court. The holding of the case was that the application should be denied "since the relator may file his petition without leave." (See 87 Ohio St. at 450.)

or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court,' originally effective January 1, 1913, is mandatory and that this court may not adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction.

"It is contended that this court in *State, ex rel. Allied Wheel Products, Inc.,* v. *Industrial Commission, supra* [161 Ohio St. 555], and in *State, ex rel. D. L. Auld Co.,* v. *Morse et al., Industrial Commission, supra* [161 Ohio St. 561], did adopt a rule which impairs the right of a litigant to invoke the original jurisdiction of the Supreme Court in mandamus proceedings. There is nothing in the *Allied Wheel* or the *Auld case* which prevents anyone from filing a petition in mandamus in the Supreme Court and having a hearing thereon, but the court in the exercise of its discretion may deny the extraordinary writ of mandamus.''

On page 308 in the *majority* opinion, it is stated:

"A careful review of the decisions of this court indicates that the following principles are to be applied in considering whether the Supreme Court in the exercise of its discretion should grant the extraordinary writ of mandamus under its constitutional powers.

"1. The relator must be the party beneficially interested.

"2. Before the writ may issue, it must appear affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies.

"3. *The extraordinary writ of mandamus may not be used as a substitute for a mandatory injunction.*

"4. It may not be used where the purpose of the relator is primarily the enforcement or protection of purely private rights.'" (Emphasis added.)

When jurisdiction in mandamus was first conferred upon the Supreme Court by the Constitution of 1851, the jurisdiction

---

'In Moses, The Law of Mandamus 18, which was written by an Ohio lawyer a short time after jurisdiction in mandamus was first given to the Supreme Court by the Constitution of 1851, it is said: "It may be stated as a general principle that this writ is only granted for public persons, and to compel the performance of public duties. (3 Stephans' Nisi Prius 2291.) It can be resorted to only in those cases where the matter in dispute, in theory, concerns the public, and in which the public has an interest."

thereby conferred and the restrictions upon its exercise were indicated by the Report of the Commissioners on Practice and Pleadings and by the Code of Civil Procedure which they prepared and which the General Assembly adopted in 1853. On page 224 of that report, it is stated that they found it necessary to prepare a chapter on mandamus "but the proceedings under this chapter will be about the same as before." Included in this chapter is Section 570 which reads in part:

"This writ may not be issued in any case, where there is a plain and adequate remedy in the ordinary course of the law."[5]

Substantially, the same provisions have been in our statutes since that time and are now found in Section 2731.05, Revised Code, which reads:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

In an article on mandamus prepared by the late Judge Hart of this court and fully supported by the citation of decisions of this court, it is stated in 35 Ohio Jurisprudence 2d 278, Section 31:

"The established rule in Ohio is that, as used in the statute precluding mandamus when there is a plain and adequate remedy in the ordinary course of law, the term 'in the ordinary course of the law' includes equitable as well as legal remedies; and where there is an adequate equitable remedy, mandamus will not lie. The reason for this holding is that since the abolition of forms of action under the Code of Civil Procedure, there is

---

[5]This necessarily follows from the nature of the writ of mandamus. As stated in Moses, The Law of Mandamus 16, which was published in 1866 a few years after jurisdiction in mandamus was first given to the Supreme Court:

"* * * And according to the theory of the common law, the King is the fountain of justice, and where the laws did not afford a remedy, and enable the individual to obtain his right, by the regular forms of judicial proceedings, the prerogative powers of the sovereign were brought in aid of the ordinary judicial powers of the court, and the mandamus was issued in his name to enforce the execution of the law."

See also 3 Blackstone's Commentaries 110.

Thus, in effect, mandamus could be called a "last resort" remedy.

Obviously, as the General Assembly has provided additional remedies for the enforcement of legal rights, the necessity for resort to the prerogative writ of mandamus has diminished.

but one form of action, known as a 'civil action,' and this includes all such judicial proceedings as were previously known either as actions at law or suits in equity; and therefore, any Code action, whether the substantive right or liability is legal or equitable in nature, is a civil action at law and is therefore a remedy in the ordinary course of the law. Accordingly, there can be no remedy by mandamus if injunction will afford adequate relief.''

Section 2727.01, Revised Code, reads:

''An injunction is a command to do or refrain from doing a particular act.''

It may be noted that, prior to adoption of the General Code in 1910, Section 5571, Revised Statutes, had defined an injunction as ''a command to refrain from a particular act.'' At that time, the distinction apparently made in the syllabus and the majority opinion between a preventive and a mandatory injunction (regarding the former but not the latter as an adequate remedy in the ordinary course of the law) would have had some statutory basis.

In the following cases this court denied a writ of mandamus because the relator had an adequate remedy by way of mandatory injunction: *State, ex rel. Stine,* v. *McCaw* (1939), 136 Ohio St. 41, 23 N. E. 2d 631 (paragraph two of the syllabus);[*] *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), at 308 and 309 in *majority* opinion, and paragraph two of the syllabus; *State, ex rel. Adams,* v. *Rockwell et al., Bd. of Edn.* (1957), 167 Ohio St. 15, 145 N. E. 2d 665; *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir.* (1966), 7 Ohio St. 2d 1, 218 N. E. 2d 177.

In the following cases this court either affirmed or reversed the Court of Appeals for the reason that a writ of mandamus had or should have been denied because the relator had an adequate remedy by way of mandatory injunction: *State, ex rel. Irish,* v. *Oviatt et al., Commrs.* (1910), 83 Ohio St. 460, 94 N. E. 1117; *State, ex rel. Roger J. Au & Son, Inc.,* v. *Studebaker et al.,*

---

[*]Paragraph 2 of the syllabus of *State, ex rel. Stine,* v. *McCaw,* reads: "Since the Supreme Court does not have original jurisdiction in injunction, *mandatory injunctive relief* will not be granted by that court through an action in mandamus." (Emphasis added.)

*Commrs.* (1963), 175 Ohio St. 222, 193 N. E. 2d 84; *State, ex rel. Durek,* v. *Masheter, Dir.* (1967), 9 Ohio St. 2d 76, 223 N. E. 2d 601; *State, ex rel. Danford,* v. *Karl, Mayor* (1967), 9 Ohio St. 2d 79, 223 N. E. 2d 602; *State, ex rel. Federal Homes Properties, Inc.,* v. *Singer, Bldg. Commr.* (1967), 9 Ohio St. 2d 95, 223 N. E. 2d 824.

The foregoing decisions do not require the conclusion that this court can never issue a writ of mandamus. For example, there will undoubtedly be cases where (to use the words of the syllabus in *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission, supra* (162 Ohio St. 302), the "controversy" is not "of a strictly private nature," and where the time required to obtain a decision of this court will be a proper factor in determining that the public, whom the relator in such a case would represent, does not have an adequate legal or equitable remedy. See for example *State, ex rel. Nimon,* v. *Springdale* (1966), 6 Ohio St. 2d 1, 215 N. E. 2d 592, and *State, ex rel. Foreman,* v. *Brown, Secy. of State* (1967), 10 Ohio St. 2d 139, 226 N. E. 2d 116. Obviously, the instant case is not such a case.

Undoubtedly, this court has previously allowed writs of mandamus in cases such as the instant case where no one contended that mandamus was not a proper remedy. Section 2505.-21, Revised Code, expressly authorizes this court to disregard an error not "specifically pointed out in the record and separately argued by brief." In such an instance, the decision of the court so far as it might recognize mandamus as a proper remedy where there was an adequate remedy by way of mandatory injunction would represent no precedent on the question. See *State, ex rel. Gordon, City Atty.,* v. *Rhodes, Mayor* (1952), 158 Ohio St. 129, 107 N. E. 2d 206 (paragraph one of syllabus).

SCHNEIDER and BROWN, JJ., concur in the foregoing dissenting opinion.