40

THE STATE, EX REL. INTERNATIONAL HARVESTER CO., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 74-947—Decided July 2, 1974.)

■■■■■■■■■■■■

■■■■■■■■■■■■

Messrs. *Vorys, Sater, Seymour & Pease, Mr. Thomas M. Taggart* and *Mr. Alan T. Radnor,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. J. Michael Monteleone,* for appellee.

*Per Curiam.* One proposition of law is presented by appellant in this appeal. It reads:

"A writ of mandamus should be ordered when the Industrial Commission is guilty of gross abuse of discretion in awarding permanent total disability benefits for a condition not allowed in a workmen's compensation claim."

In support of the foregoing proposition, appellant states that the "* * * only injury for which this claim has ever been allowed is 'lumbo-sacral strain,' " while the permanent and total disability finding is based upon the opinion of two physicians who "based their evaluations on findings and conditions for which this claim has not been allowed." One of those physicians found lumbar discogenic pathology and stated that the "disability can only be helped if a disc is found and surgery is performed." The second physician found "severe narrowing of the disc space" and "evidence of nerve root compromise." Appellant states that there has been no finding or order of the commission recognizing or allowing a claim for "pathological condition of the intervertebral discs * * * or to the nerve roots," and that by making an award of permanent and total disability based on findings of "discogenic and skeletal conditions, the Industrial Commission has grossly abused its discretion."

Appellant observes that the commission has provided by rule a procedure by which a claimant may secure allowance of a disability not previously claimed, and that failure of the commission to follow its own procedure also constituted an abuse of discretion.

The record shows that in an "Application for Adjust-

42

ment of Claim" filed by claimant on January 21, 1966, the nature of his injury was described as "[l]ower back, questionable ruptured disc, sprain, pinched nerve." The claim was allowed "for a lumbo-sacral strain" in 1966, and the injury was referred to as lumbo-sacral strain in a subsequent commission order in 1969. The December 1973 order, finding the claimant permanently and totally disabled, makes no reference to the nature of the injury but indicates that the commission's finding was based upon "proof of record." As to the two physicians who found the claimant to be permanently and totally disabled, one, in his report, refers to the claimant's "history of low back injury," and the other was specifically instructed to examine claimant for "an injury * * * described as 'lumbo-sacral strain.'"

Although it is true that there was no finding or order of the commission other than that of "lumbo-sacral strain," it is equally true that the claimed injury was to the lower back, and the medical specialists' reports upon which the commission made its finding of permanent and total disability relate to a lower back injury.

"Before a writ of mandamus will be granted, a clear legal right thereto must be shown, and the burden of establishing such right is upon the relator." *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141; *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237, 239 N. E. 2d 665.

This court can not say on the record before it that the commission's order in question is "for a condition not allowed" in the claim. Consequently, no clear legal right to a writ of mandamus has been established, and the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

Corrigan, J., dissents.