THE STATE, EX REL. LIPPITT ET AL., APPELLANTS, *v.* EDGECOMB, CLERK, APPELLEE.

(No. 76-468—Decided December 27, 1976.)

*Messrs. Cain & Lobo* and *Mr. Robert Bruce Henn,* for appellants.

*Mr. Steven J. Schwartz,* deputy law director, for appellee.

*Per Curiam.* The main issue in this cause is whether the Court of Appeals correctly denied the writ of mandamus as to the temporary docket.

The Court of Appeals' denial of the writ was based on its conclusion that the evidence as to the "nature and content of the 'temporary docket'" was too "inconclusive" to determine whether the temporary docket was a public record.

When the challenge to a decision denying a writ of mandamus is based on questions of evidence, " "* * * it is the established practice of the Supreme Court to refuse to weigh the evidence to determine * * * whether correct conclusions as to the facts were reached by the court below.' " *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84, 86. Relators' appeal is based upon such a question of evidence.* Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment.

O'NEILL, C. J., and STERN, J., dissent.

STERN, J., dissenting. I am of the view that under the authority of R. C. 149.40 and 149.43, and this court's decision in *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, the temporary docket is a public record, and hence must be made available for public inspection at all reasonable times.

I would reverse the Court of Appeals.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.

---

*Relators assert that "it is obvious from the stipulations cited" that the temporary docket is a public record.