THE STATE, EX REL. SOWDER, *v.* CITY OF CINCINNATI ET AL.

(No 10671—Decided October 31, 1968.)

*Mr. Fred A. Sowder, in propria persona.*
*Mr. William A. McClain* and *Mr. Donald E. Hardin,*
for respondents.

SHANNON, J. Relator, *in propria persona,* has filed a petition for writ of mandamus seeking an order directing the city of Cincinnati and the members of the Board of Park Commissioners of that city "to adopt, cause to be put into effect and enforce regulations prohibiting use of all public property under their control for the display of religious symbols or signs."

In substance, relator states that "traditionally, during the Easter season, a wooden Latin cross" is displayed in Eden Park, and that "traditionally, during the Christmas season, * * * an area in Lytle Park * * * is used for the display of the Christmas creche."

Relator recites that demand upon the Board of Park Commissioners was made by him in April 1968, that such practices be stopped and that the board advised that they

intended to proceed with the Easter display and with plans for the creche.

The gravamen of the complaint is that the board's behavior deprives relator of his civil liberties and freedom of religion, violates the principle of separation of church and state, and because he is an "active atheist" compels him to remain away from such parks, thereby depriving him of his liberty.

The respondents have filed a demurrer to the petition on the grounds that this court does not have jurisdiction of the subject matter and that the relator has failed to state a cause of action.

Mandamus will lie to permit a private individual to compel a public officer to perform an official act, where such officer is under a clear legal duty to do so, and where the relator has an interest, such as that of a taxpayer, or he is being denied a right or benefit by reason of such public officer's failure to take action to perform that act which he is under a clear legal duty to perform. *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141 (paragraph nine of the syllabus).

For the purposes of this opinion, we will consider the respondents, George P. Stimson and Mrs. Howard J. Morgens, to be public officers as members of the Board of Park Commissioners, because there is nothing before us to indicate otherwise.

In order to determine whether relator has stated a cause of action, we must delve into what it is that he seeks to have this court do. The issue presented here is whether this court has authority to compel the commissioners to draw up, adopt and enforce restrictive regulations.

Basically, the resolution of the problem requires a finding that the respondents have a clear legal duty to perform. We have been unable to find among reported decisions in Ohio a case in point. Our attention is called by relator to a number of cases decided, for the most part, by federal courts, but these do not involve a similar fact situation.

The salient feature of these decisions is their prolixity.

When, in order to answer the question involved, it is necessary for a court to resort to devious reasoning, novel interpretations of the Constitution, and when the decision produced is met with dissent, within and without the court, it can scarcely be said that there exists a clear legal duty in such case.

It is essential to note that there is nothing now being done by the respondents which "offends" relator. He seeks to control anticipated activity. Therein is the great difference between the case at bar and the cases relied upon by relator.

When his petition is read with an open mind, it is clear that what relator actually seeks is injunctive relief. But we cannot enjoin that which lies entirely within the future under the circumstances here.

"Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction. * * *" *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141 (paragraph four of the syllabus).

Because we can find no clear legal duty to be performed by the Board of Park Commissioners in the premises here presented, and upon the authority of *Pressley,* the demurrer is sustained and relator's petition is dismissed.

*Demurrer sustained and petition dismissed.*

LONG, P. J., and HILDEBRANT, J., concur.