THE STATE, EX REL. FAHRIG, *v.* BROWN, SECY. OF STATE.

[Cite as State, ex rel. Fahrig, v. Brown (1971),
28 Ohio St. 2d 12.]

(No. 71-594—Decided October 7, 1971.)

*Miss Shirley Ann Fahrig*, in propria persona.

*Mr. William J. Brown*, attorney general, and *Mr. Thomas V. Martin*, for respondent.

*Per Curiam.* The question raised in this action is whether relator is entitled to a writ of mandamus compelling respondent to establish a new filing date for the filing of declarations of candidacy and petitions for the office of Clerk of the Kettering Municipal Court.

Pursuant to R. C. 1901.31(A)(1), the time for filing a declaration of candidacy and a petition for the office of clerk of the municipal court is that specified in R. C. 1901.07 for the nomination and election of judges. R. C. 1901.07 provides that a declaration of candidacy and a petition shall be filed "not later than four p. m. of the ninetieth day before the first Tuesday after the first Monday in May * * *."

Thus, the deadline for filing for the office of clerk was February 3, 1971. It is agreed that on that date there was no provision in law for an elective clerk for the Kettering Municipal Court, as the census figures which would make such office elective rather than appointive were not received by the Secretary of State until May 3, 1971.

It is relator's position that the board's permitting the present appointed clerk to file on May 3, 1971, is a denial of equal protection as to relator. This argument might have merit, given the validity of the appointed clerk's filing. However, as pointed out above, on the date specified by statute for filing there was no provision in law for an elective clerk.

Relator does not refer us to any provision in the law granting the Secretary of State authority to set a time for filing other than that specified in R. C. 1901.07. There is no provision in law authorizing the acceptance of a late filed petition and relating it back to the statutory date of filing.

In the absence of such authority, the respondent is under no clear legal duty to establish a new filing date as requested by relator. Paragraph ten of the syllabus of *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

The writ is denied.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.