DECISION AND JUDGMENT ENTRY
This matter is before the court on the petition of relator, Louis H. Ervin, who requests that the court issue a writ of mandamus, pursuant to R.C. Chapter 2731, ordering respondents, Judge Donald L. Ramsey and Lucas County Family Court Assignment Commissioner, Donna Quinlan, to "vacate the trial date of October 8, 2002 [in case number DR2002-0379] and set the within divorce case for hearing as soon as possible, but in no event, longer than 30 days from the date of the filing of this petition * * *." Petitioner filed his original complaint of divorce in the referenced matter on April 2, 2002.
A writ of mandamus is an extraordinary remedy which shall issue only on a relator's showing that the relator has no adequate remedy at law and that he or she has a clear legal right to the remedy sought. State exrel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, paragraphs one and nine of the syllabus. Where it is clear that a petitioner cannot prevail on the facts alleged in the petition, the court may sua sponte dismiss the matter. State ex rel. Cossett v. StateGovernors Federalism Summit (1995), 74 Ohio St.3d 1416.
Had respondents failed to schedule any date for relator's final divorce hearing or set the hearing at a grossly unreasonable time, this writ or a writ of procedendo might be appropriate. However, a court has authority to control its own docket. Nozik v. Dalheim (Mar. 20, 1998), Lake App. No. 96-L-205; State v. Atkins (Dec. 1, 1995), Sandusky App. No. S-95-005.
Petitioner's lawsuit is less than ninety days old. The trial date with which he is unsatisfied is only slightly more than six months after his initial complaint. This length of delay is not unreasonable as a matter of law. Moreover, petitioner has directed our attention to no statute or rule which would require respondents to set a final hearing date in less than six months. Consequently, on its face, petitioner's complaint fails to establish a clear legal right to the remedy he seeks. Pursuant toState ex rel. Cossett, supra, we sua sponte dismiss petitioner's petition. Costs to petitioner. Petitioner's subsequent motion for a pretrial hearing or mediation is moot.
Petition dismissed. WRIT DISMISSED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.