THE STATE, EX REL. OHIO ASSN. OF PUBLIC SCHOOL
EMPLOYEES ET AL., APPELLANTS, *v.* KETTERING CITY BOARD
OF EDUCATION ET AL., APPELLEES.

(No. 76-390—Decided December 1, 1976.)

140

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. James E. Melle,* for appellants.
*Mr. John J. Adams,* for appellees.

*Per Curiam.* R. C. 143.291, as in effect *before* August 1, 1973 (134 Ohio Laws Pt. I 240, 277), provided that a state employee could, at the time of his retirement, be paid in cash for his accrued sick leave credit. Public employees other than those "paid directly by warrant of the state auditor" were not included.

On August 1, 1973 (in 135 Ohio Laws Pt. I 83, 124), R. C. 143.291 was amended by the addition of a second paragraph:

"All other employees covered by Section 143.29 of the Revised Code and those covered by Section 3319.141 of the Revised Code shall at the time of their retirement receive pay for all or part of their unused sick leave *to the extent consistent with the policy in effect in the employing unit.*" (Emphasis added.)

Subsequently, on December 4, 1973 (in 135 Ohio Laws Pt. I 533, 624), R. C. 124.39 (former R. C. 143.291) was enacted, providing that a state employee paid directly by warrant of the state auditor could be paid for accrued sick leave credit. School employees were not included.

Effective June 29, 1974, by an Act of the General Assembly "to amend Section 124.39, and to enact Section 124.391 * * * to clarify conversion of sick leave," R. C. 124.391 was adopted to include school employees, and R. C. 124.39 was clarified to read the same as it did when adopted in 135 Ohio Laws Pt. I 533, 624.

Therefore, at the times critical to appellants, December 31, 1973, and March 1, 1974, school employees were not covered by the statutes which authorized cash payments for accrued sick leave credit. Further, the language of R. C. 143.291, as effective August 1, 1973, did not place any duty on a board of education to adopt a policy for the conversion of accrued sick leave. Hence, there is no clear legal duty on appellees to do what appellants ask.[4]

Accordingly, the Court of Appeals was correct in denying the writ of mandamus. Its judgment is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[4]This court does not decide whether mandamus is an appropriate remedy here. It should be noted, however, that, in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, this court held that an action in mandamus will lie "where a public officer or agency is under a *clear legal duty* to perform an official act, and where there is *no plain and adequate remedy* in the ordinary course of the law." (Emphasis added.)