SCHOOLEY, APPELLEE, *v.* BOARD OF EDUCATION, ZANESVILLE
SCHOOL DISTRICT, APPELLANT.

(No. 76-988—Decided May 4, 1977.)

*Mr. Richard E. Bridwell,* for appellee.
*Mr. John C. Rosenberger,* city solicitor, for appellant.

*Per Curiam.* At the time plaintiff retired, August 1, 1973, the authority for a board of education to make a cash payment to a retiring employee for unused sick leave was R. C. 143.291, which provided that such persons "shall at the time of their retirement receive pay for all or part of their unused sick leave to the extent consistent with the policy in effect in the employing unit."

Under R. C. 143.291, a retiree is not entitled to payment for his unused sick leave simply because his employer board of education did not have, in effect at the time of his retirement, a policy forbidding such payment. Rather, it is manifest from a reading and the history[2] of that statute that the General Assembly conditioned a retiree's right to payment for unused sick leave on the board's having in effect a policy concerning payment for unused sick leave, and that payment therefor be "to the extent consistent" with such policy.

In the recent case of *State, ex rel. Assn.,* v. *Bd. of Edn.* (1976), 48 Ohio St. 2d 139, 141, this court held that a public school employee who retired at a time when such employees were "not covered by the statutes which authorized cash payments for accrued sick leave credit," and whose

[2]See the legislative history set out in *State, ex rel. Assn.,* v. *Bd. of Edn.* (1976), 48 Ohio St. 2d 139.

employing unit did not have a policy for cash payment of accrued sick leave, was not entitled to a writ of mandamus compelling the employer board of education to pay him for his unused sick leave.

On August 1, 1973, at the time of plaintiff's retirement, defendant board of education did not have any policy in effect regarding payment to retirees for unused sick leave. Therefore, plaintiff is not entitled to the payment he seeks for his accumulated, unused sick leave. *State, ex rel. Assn., v. Bd. of Edn., supra.*

Accordingly, the judgment of the Court of Appeals is reversed and final judgment is entered for defendant board of education.

*Judgment reversed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, Sweeney and Locher, JJ., concur.

P. Brown, J., not participating.