THE STATE, EX REL. PAPIN, APPELLEE AND CROSS-APPELLANT, v. HUDDLE, DIRECTOR, APPELLANT AND CROSS-APPELLEE.

(No. 78-112—Decided November 8, 1978.)

78

*Messrs. Wistner & Foley, Mr. Robert N. Wistner,*
*Messrs. Tudor, Cloud & Cesner* and *Mr. Clifford R. Cloud,*
for appellee and cross-appellant.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M.*
*McGrath* and *Mr. Donald R. Keller,* for appellant and cross-
appellee.

WILLIAM B. BROWN, J.  The main issue raised by the
instant cause is whether the Court of Appeals correctly
determined that relator was wrongfully excluded from em-
ployment pursuant to Rule XIII(C) of the Columbus Mu-
nicipal Civil Service Commission or Section 149(m) of the
Columbus City Charter and that, therefore, mandamus
should lie to compel respondent to reinstate relator.

I.

The Court of Appeals determined that relator was
wrongfully excluded from employment pursuant to Rule
XIII(C) on two grounds.  It held first that, under this rule,
a department director has the power to determine only the
number and not the job classes of employees to be laid off
for "reasons of economy or lack of work."  The court also
found that, under Rule XIII(C), relator had bumping rights
against lesser seniority employees in a lower-rated class
within the same job family.  We do not find either inter-
pretation to be persuasive.

Department directors are granted general administra-
tive powers by Sections 57, 99 and 100 of the Columbus City
Charter.[2]  These charter provisions grant department di-

---

[2]Section 57 of the Columbus City Charter provides:

"The executive and administrative powers of the city shall be vested
in the mayor, directors of departments and other administrative officers
and boards provided for in this charter or by ordinance."

Section 99 provides:

"Under the direction of the mayor, a department director shall
have all powers and duties connected with and incident to the appoint-
ment, regulation, and government of his department, except as other-
wise provided by charter or ordinance. * * *"

Section 100 reads:

"Subject to the civil service provisions of this charter, the directors
and other principal administrative officers and boards shall have power

rectors the power to appoint or remove employees and to govern and regulate their departments. A director denied the right to determine the job class or positions from which layoffs are to be made would not be assured of maintaining a workable balance of employees once he was forced to cut back the departmental work force for economic reasons. The right to determine the classes as well as the numbers of employees to be certified for layoff is implicit, therefore, in the director's right to govern and regulate his department. Unless otherwise provided by ordinance or charter, respondent may properly designate the classes as well as the numbers of employees to be certified for layoff from his department, and, once the department head has done so, the civil service commission is not permitted to certify the names of those to be laid off without regard to those employees' job classes.

No ordinances or charter sections provide otherwise. Section 149 of the Columbus City Charter, which prescribes certain rules the civil service commission shall follow and grants the commission the power to promulgate other rules "not inconsistent" with those enumerated rules, does not require the commission to disregard the job classes of those to be certified for layoff. (Indeed, subsections [b] and [f] of Section 149 require applicants to compete in examinations or be certified for eligibility on the basis of their job class.)

Civil service Rule XIII(C), promulgated under the rule-making grant of Section 149, also does not prohibit a department head from designating the classes as well as the numbers of employees to be certified for lay off from his department.

Rule XIII(C) provides, in pertinent part:

"1. Whenever it becomes necessary, because of a material change in duties or organization or shortage of work or funds, to reduce the number of employees in any department of the city, notice shall be filed with the Commission.

to appoint and remove all officers, clerks and employees in their respective departments."

"2. Upon receipt of such notice the Commission shall certify the names of those to be laid-off, based on seniority, but in the following order (the top of the list being the first to be laid off):

"(a) Emergency employees.

"(b) Provisional employees.

"(c) Seasonal employees.

"(d) Probationary employees.

"(e) Permanent (regular) employees.

"Such lay-off shall also take into consideration the following order:

"(a) Division

"(b) Department

"(c) City-wide. * * *"

Subsection 1 of the rule specifically mentions reducing the "number" of employees within a department and subsection 2 calls for layoffs based, at least in part, on seniority —"permanent (regular) employees" are the last to be certified. However, that same subsection of the rule also requires the commission to consider job-related classifications —whether an employee is a member of a particular department or division—when it draws up the certification list. Subsection 1 of the rule clearly contemplates that decisions as to organization—which may require the abolition of a job class—are to be made by someone other than the commission. Moreover, it is established law in Ohio that "laws and rules pertaining to the civil service must be so construed as to harmonize their provisions with other state laws relating to the powers and duties of city councils and service and safety departments of cities in the creation and abolition of offices and places of employment and in the appointment and discharge of officers and employees." *Curtis* v. *State, ex rel. Morgan* (1923), 108 Ohio St. 292, at pages 302-303. An interpretation of Rule XIII(C) which limits department directors to determining only the number and not the job classes of employees to be certified for layoff for economic reasons undermines the ability of the departments to regulate themselves and does not harmonize Columbus'

civil service rules with its charter provisions. We therefore find that under civil service Rule XIII(C) a department director has the power to determine the job classes as well as the number of employees to be certified for layoff by the municipal civil service commission. The Court of Appeals' determination that respondent is under a clear legal duty to reinstate relator because respondent wrongfully requested certification for layoff on the basis of relator's job class is overruled.

We are also not persuaded that, under Rule XIII(C), relator has bumping rights against lesser seniority employees in a lower-rated class within the same job family.

Rule XIII(C) again provides, in pertinent part:

"1. Whenever it becomes necessary, because of a material change in duties or organization or shortage of work or funds, to reduce the number of employees in any department of the city, notice shall be filed with the commission.

"2. Upon receipt of such notice the Commission shall certify the names of those to be laid off, based on seniority, but in the following order * * * with bumping rights against all other employees with less seniority *in the same class. Those affected by the bumping* shall have bumping rights against lesser seniority employees in a lower-rated class within the same job family for which he is qualified, at his option." (Emphasis added.)

The Court of Appeals equated relator, who was the only employee in his class, with an employee least senior in his job class and held relator to be "as much 'affected by the bumping' as one who in fact is bumped." We do not concur in this reasoning. First, an employee such as relator, who is the only member of his class, is as much the employee with greatest seniority as he is the employee with least seniority. Therefore, he has certain rights with regard to rehiring which an employee with least seniority would not have. (Columbus civil service Rule IX[B][2].) Moreover, the appellate court's interpretation of Rule XIII(C) is contrary to the clear meaning of the rule. Under Rule

XIII(C), two types of employees have bumping rights: (1) employees in a class containing other employees with lesser seniority and (2) employees affected by the bumping. Relator, as the only member of his job class, clearly did not have employees with lesser seniority beneath him. He also was not affected by bumping. The only individual in relator's class to lose his position was the relator himself, and he was not bumped but instead certified for layoff. We find, therefore, that relator was not entitled to exercise bumping rights pursuant to Rule XIII(C). The appellate court's determination that relator was entitled to exercise those rights is, therefore, rejected.

## II.

The second question raised by the instant cause stems from the appellate court's determination that relator was wrongfully excluded from employ because his layoff constituted "a permanent separation from service" which is due the protections of notice and a hearing under Section 149(m) of the city charter.

We do not find relator's separation from employ to be a discharge. The procedure followed by respondent and relator was that set forth in layoff Rule XIII(C) of the civil service commission. Respondent requested the commission to certify relator for layoff. The commission certified relator and notified him of the date of his layoff and his layoff right to exercise whatever bumping privileges he might have. Relator responded by filing an employee layoff form stating his desire to exercise those bumping rights. Later, relator was placed on a reemployment list pursuant to Rule XIII(C)(3).

In addition, relator's layoff was not "tantamount" to a discharge. The Court of Appeals found that respondent acted in good faith when he initiated layoff procedures against relator and that respondent did not attempt to hire anyone to fill relator's position after relator was laid off. Relator's reemployment rights under Rules XIII(C)(3), IX(B)(2) and XI(B) were properly preserved for one year. Given the fact that relator's separation from employ was

not, in form or effect, a discharge, we find that the relator was not entitled to the protection of a city charter Section 149(m) notice and hearing.

Since neither respondent nor the commission was compelled to provide relator with notice and a hearing pursuant to city charter Section 149(m) or with the right to bump lesser seniority employees within a lower job class pursuant to civil service Rule XIII(C) and, further, since respondent was entitled to determine the job classes as well as the numbers of the employees to be laid off before the commission certified them on the basis of seniority, respondent was under no clear legal duty to reinstate relator and compensate him with back pay. Because mandamus will not lie unless there is a clear legal duty to perform an official act (*State, ex rel. Pressley*, v. *Indus. Comm.* [1967], 11 Ohio St. 2d 141, paragraph one of the syllabus), the Court of Appeals erred when it issued the writ of mandamus.[3] The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

---

[3]Having found that mandamus will not lie, we also reject relator's argument, on cross-appeal, that the appellate court erred when it failed to award his attorney's fees.