306

THE STATE, EX REL. CLEVELAND ASSOCIATION OF
RESCUE EMPLOYEES ET AL., APPELLANTS, *v.*
MEDVICK ET AL., APPELLEES.

[Cite as State, ex rel. CARE, v. Medvick (1980),
61 Ohio St. 2d 306.]

(No. 79-1060—Decided March 12, 1980.)

*Fink & Greene Co., L.P.A.,* and *Mr. Murray D. Bilfield,*
for appellants.

*Mr. Jack M. Schulman,* law director, *Mr. Howard A. Schulman* and *Ms. Marilyn G. Zack,* for appellees.

*Per Curiam.* Appellants contend that the Court of Appeals erred in denying the writ of mandamus, in that the Director of Finance has a mandatory legal duty to deduct CARE membership dues from the wages of its members who have requested such a deduction. This duty is claimed to arise from the provisions of Cleveland City Ordinance No. 421-60, which provides, in pertinent part, as follows:

"Be it ordained by the Council of the City of Cleveland:

"Section 1. That pursuant to the authority of Section 1321.321 Revised Code, the Director of Finance is hereby authorized to deduct from the salary or wages of any city employee who belongs to a labor union, the monthly dues of such labor union *as the city employee voluntarily subscribes to in a written authorization filed with said Director of Finance requesting such deductions.'"* (Emphasis added.)

Assuming, *arguendo,* that this ordinance was intended to impose a mandatory duty upon the Director of Finance, it is clear that no duty arises until an employee files a written authorization with the director. The stipulations do not indicate that the members of CARE have filed such an authorization with Director Medvick. For this reason, we hold that appellants have not proved the existence of a clear legal duty, and are not entitled to the issuance of a writ of mandamus. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

* R. C. 1321.321 has been recodified as R. C. 9.41, which provides as follows:

"Notwithstanding section 1321.32 of the Revised Code, the state of Ohio and any of its political subdivisions or instrumentalities may checkoff on the wages of public employees for the payment of dues to a labor organization or other organization of public employees upon written authorization by the public employee. Such authorization may be revocable by written notice upon the will of the employee.

"A labor organization or other organization of public employees receiving such checkoff of dues may be required by the state of Ohio and any of its political subdivisions or instrumentalities to defray the actual cost of making such deductions."