THE STATE, EX REL. TAYNOR ET AL., *v.* HYSELL, CLERK, ET AL.

(No. 83AP-1156—Decided February 21, 1984.)

*Sue Livensparger* and *Legal Aid Society of Columbus,* for relators.

*Michael Miller,* prosecuting attorney, and *Craig B. Paynter,* for respondents.

WHITESIDE, J. This original action in mandamus and prohibition is before this court upon respondents' motion to dismiss. Since all parties have, pursuant to Section 4, Rule 11 of this court (Tenth Appellate District), stated that a decision on the motion to dismiss may dispose of the merits of the case, we immediately proceed to the merits of the issues raised herein. No issue concerning the validity or constitutionality of the statutes involved having been raised, we determine this case upon an assumption of their validity.

Relators, Joseph Taynor and the Columbus Tenants Union, seek a writ of mandamus ordering respondent Ted Hysell, Clerk of Court of the Franklin County Municipal Court, to accept relator Joseph Taynor's rent monies and any other rent tendered under R.C. 5321.07 to 5321.10, and to halt the automatic setting of prior hearings to determine the right to deposit rent under R.C. 5321.07 to 5321.10, and a writ of prohibition ordering respondents, Judges of the Franklin County

Municipal Court, to refrain from directing the clerk of court to refuse rent monies tendered by relator Taynor or any other tenant under R.C. 5321.07 to R.C. 5321.10. Respondents have filed a motion to dismiss relators' complaint pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted.

R.C. 5321.07 provides in pertinent part that:

"(A) If a landlord fails to fulfill any obligation imposed upon him by section 5321.04 of the Revised Code or by the rental agreement, or the conditions of the premises are such that the tenant reasonably believes that a landlord has failed to fulfill any such obligations, or a governmental agency has found that the premises are not in compliance with building, housing, health, or safety codes which apply to any condition of the residential premises that could materially affect the health and safety of an occupant, the tenant may give notice in writing to the landlord, specifying the acts, omissions, or code violations which constitute noncompliance with such provisions. Such notice shall be sent to the person or place where rent is normally paid.

"(B) If a landlord receives the notice described in division (A) of this section and after receipt of such notice fails to remedy the condition within a reasonable time considering the severity of the condition and the time necessary to remedy such condition, or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rental agreement, the tenant may do one of the following:

"(1) *Deposit all rent that is due and thereafter becomes due the landlord with the clerk of court of the municipal or county court having jurisdiction in the territory in which the residential premises are located * * *[.]*" (Emphasis added.)

Relators' complaint alleges that, even though relator Taynor was current in rent and his landlord failed to cure defective conditions after written notification of needed repairs to the leased premises, the Clerk of Court of the Franklin County Municipal Court refused to accept his rent tendered in accordance with R.C. 5321.07(B)(1), and informed relator Taynor that there would be a hearing regarding his application to deposit rent. Relators allege that, as a result of the clerk of court's refusal to accept relator Taynor's deposit, an eviction action had been instituted by his landlord for nonpayment of rent, which action has been stayed pending this court's decision herein. Relators further contend that the members of relator Columbus Tenants Union who utilize the escrow mechanism of R.C. 5321.07 to compel their landlords to fulfill their statutory and leasehold obligations are similarly subjected to the risk of eviction actions for nonpayment of rent.

Inasmuch as the relief sought by relators is for the protection of a private right in which relator Columbus Tenants Union has no personal interest, and therefore, will suffer no injury by the refusal of the writs sought, and inasmuch as mandamus and prohibition are extraordinary remedies, respondents' motion to dismiss is sustained as to the Columbus Tenants Union.

Nonetheless, as to relator Taynor, the respondent clerk of court was under a clear legal duty to accept his tendered rent monies under R.C. 5321.07, and relator has no adequate remedy at law to compel the clerk of court to perform this ministerial duty. This conclusion is buttressed by R.C. 5321.08 requiring the clerk of court to notify the landlord and his agent in writing when a tenant deposits rent with the clerk of court pursuant to R.C. 5321.07, and by R.C. 5321.09 providing remedies to the landlord, including attorney fees if the tenant intentionally acted in bad faith.

Therefore, noting that no issue concerning the validity of the statute has been raised, we find that relator Taynor is entitled to the first portion of his prayer for relief in mandamus, which is a writ ordering respondent clerk of court to accept his deposit of rent monies. However, the second portion of relator's prayer for relief in mandamus, that respondent clerk of court be ordered to halt the automatic setting of post-application hearings upon application by tenants to deposit rent, is dismissed for want of jurisdiction insofar as it seeks an injunctive remedy to restrain respondents, rather than relief in mandamus, for this court has no original jurisdiction in injunction. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141], paragraph four of the syllabus.

Relator Taynor's complaint in prohibition against respondent Judges of the Franklin County Municipal Court must also be dismissed since the act sought to be enjoined is neither judicial nor quasi-judicial. The alleged instructions by the court to respondent clerk of court, at a judges' meeting on November 17, 1983, to refuse to accept rent upon application and automatically set post-application hearings, do not constitute a judicial act, as would a written order of the court. Such instructions could constitute an attempt to usurp the ministerial power (as opposed to right) of the clerk of court to determine not to follow R.C. 5321.07 to 5321.10. Even assuming that the post-application hearings are premature hearings under R.C. 5321.09, and are, thus, an exercise of judicial power, a decision in an R.C. 5321.09 hearing is a final appealable order, and relator would have an adequate remedy at law.

There has been some reference to conflicting unreported opinions of different judges of the municipal court. These decisions are not pertinent since neither relator nor respondent clerk were parties to such actions and because Rules 2(G) and (3) of the Supreme Court Rules for the Reporting of Opinions provide that an unpublished opinion is not controlling authority except between the parties to the case.

For the foregoing reasons, the motion to dismiss is sustained as to all relators, except Joseph Taynor, and is overruled as to him, and a writ of mandamus is issued ordering respondent Ted Hysell, Clerk of Court of the Franklin County Municipal Court, to accept from relator Joseph Taynor deposits of rent made in accordance with R.C. 5321.07, but this cause is dismissed as to all other respondents.

*Motion to dismiss sustained in part, and writ allowed.*

McCORMAC, P.J., and MOYER, J., concur.