The STATE ex rel. DeMUTH, Appellant,

v.

STATE BOARD OF EDUCATION, Appellee.

[Cite as *State ex rel. DeMuth v. State Bd. of Edn.* (1996), 113 Ohio App.3d 430.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE01–75.

Decided Aug. 13, 1996.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala* and *Anthony M. DioGuardi II*, for appellant.

*Betty D. Montgomery*, Attorney General, and *John P. Ware*, Assistant Attorney General, for appellee State Board of Education.

---

DESHLER, Judge.

Realtor-appellant, Franca DeMuth, appeals from a decision of the Franklin County Court of Common Pleas finding that appellant is not entitled to a writ of

mandamus ordering defendant-appellee, Ohio State Board of Education, to issue appellant a certification for the early education of handicapped children under Ohio Adm.Code 3301–23–21.

Ohio Adm.Code 3301–23–21 became effective on July 1, 1989 and requires teachers to complete certain course work requirements before receiving an "Early Education of Handicapped" ("EEH") certification. The provision also contains a "grandfather" clause granting certification to "any individual who holds a baccalaureate degree and is employed to teach handicapped infants, toddlers, or young children by a chartered school or school district" as of the effective date of Ohio Adm.Code 3301–23–21(C). Appellant sought EEH certification under the grandfather clause based upon her employment with the Olmsted Falls City School District and her other qualifications. Appellee denied certification on the basis that appellant was not, as of the effective date of Ohio Adm.Code 3301–23–21(C), employed as a teacher of handicapped infants, toddlers, or young children as set forth in the grandfather clause.

Appellant filed a complaint in declaratory judgment and mandamus in the Franklin County Court of Common Pleas seeking a declaration of her rights under the pertinent Ohio Administrative Code section and a writ prohibiting appellee from refusing to issue a certification to appellant. The matter was submitted to a magistrate for decision based upon the parties' briefs and joint stipulation of facts. The magistrate concluded that because appellant was employed to teach handicapped children in grades one through three and appellee had interpreted the grandfather clause of Ohio Adm.Code 3301–23–21(C) to cover only currently employed teachers of handicapped children of prekindergarten age, appellant had not demonstrated a clear legal right to the relief prayed for and a writ should not issue. The court then overruled appellant's objections to the magistrate's decision and adopted it as its own, issuing a decision on November 3, 1995, finding that appellant was not entitled to a writ of mandamus. The trial court's decision did not explicitly address appellant's complaint in declaratory judgment.

Appellant has timely appealed and brings the following single assignment of error:

"The Franklin County Court of Common Pleas abused its discretion and committed prejudicial error when it concluded that appellant has no legal right to, and appellee has no clear legal duty to issue, a validation for the early education of handicapped children under the 'grandparent' provision of Ohio Administrative Code Section 3301–23–21(C)."

The following facts are not in dispute in this matter. Appellant teaches first, second and third grade developmentally disabled, handicapped, learning disabled, or autistic students, many of whom function at levels significantly below their age

or grade equivalency. Appellant holds a baccalaureate degree but otherwise can presently obtain EEH validation only if entitled to the benefits of the grandfather clause.

A writ of mandamus will issue only where the relator has demonstrated a clear legal right to the relief prayed for, there is a clear legal duty on the part of the respondent to perform or refrain from performing the requested act, and the relator has no plain and adequate remedy at law. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. "Mandamus will not lie to substitute the discretion of a judicial tribunal for that of an administrative official, unless it is clearly shown that the refusal to perform the act constitutes an abuse of discretion." *State ex rel. Dayton Bd. of Edn. v. State Dept. of Edn.* (1981), 67 Ohio St.2d 126, 128, 21 O.O.3d 79, 81, 423 N.E.2d 174, 176.

Appellant argues two propositions in support of her claim of error. First, appellant asserts that the term "young children" as employed in Ohio Adm.Code 3301–23–21 is not defined in the code and can be taken to include the first through third graders with special needs. Appellant claims that she was teaching this type of student at the time the EEH certification requirements became effective. Second, appellant asserts that even if the phrase "young children" is defined, as the board has done, to include only prekindergarten children, the actual cognitive ages and abilities of her students are substantially less than those of nonspecial-needs children of comparable chronological age and that her students thus qualify even if the prekindergarten interpretation of "young children" applied by the board is adopted.

"This court must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise in the particular subject area and to which the General Assembly has delegated the responsibility of implementing the legislative command." *Opus III–VII Corp. v. Ohio State Bd. of Pharmacy* (Feb. 1, 1996), 109 Ohio App.3d 102, 671 N.E.2d 1087. Similar deference should be afforded to an agency's interpretation of its own rules if such an interpretation is consistent with statutory law and the plain language of the rule itself. *Jones Metal Products Co. v. Walker* (1972), 29 Ohio St.2d 173, 181, 58 O.O.2d 393, 397–398, 281 N.E.2d 1, 8.

We find no abuse of discretion in the appellee's determination and the trial court's holding that the phrase "infants, toddlers, or young children" in Ohio Adm.Code 3301–23–21(C) may be reasonably and usefully interpreted to include only prekindergarten special-needs children. This is consistent with the overall scheme of separate certification requirements for teachers teaching students in kindergarten through fourth grade and other grade level classifications. See,

*e.g.,* Ohio Adm.Code 3301–23–01, 3301–23–02, 3301–23–24, and 3301–23–25. Although the lack of a definition of "young children" in relation to the pertinent Administrative Code sections does create the potential for ambiguity in interpretation and application of the code, the interpretation adopted by appellee is reasonable and does not constitute an abuse of discretion in light of the overall regulatory scheme encompassing certification of teachers for special-needs children in Ohio schools.

In addition to the foregoing, we cannot accept appellant's contention that the cognitive or mental age of her students should be considered to define them as prekindergarten students, as opposed to their chronological age. Appellee's reliance upon chronological age and grade level when classifying students and teacher qualifications is reasonable, especially dealing with special-needs students, when one considers that this area of education must by definition embrace a wider diversity of cognitive functioning levels for a given chronological age. We accordingly find no abuse of discretion on the part of appellee or the trial court in determining that the chronological age, rather than cognitive functional level of the students, should be considered in classifying them as prekindergarten students.

Based upon the foregoing, we find that appellant has not demonstrated a clear legal right to the EEH certification she seeks and the Franklin County Court of Common Pleas did not err in finding that she is not entitled to a writ of mandamus.

Finally we address appellant's contention that the trial court erred in failing to address her declaratory judgment action. Initially, we note that this issue is raised only in her brief upon appeal, but has not been assigned as error and is therefore not properly before us. However, if this issue were to be considered, the conclusions reached by the trial court in denying a writ of mandamus are equally applicable and in fact encompassed in its determination adverse to appellant's basic contentions. Any error in this respect was therefore not prejudicial to appellant.

In accordance with the foregoing, we find that the trial court did not err in denying appellant's request for a writ of mandamus. The judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.