Plaintiff-appellant, Glen Gammell, appeals a Butler County Court of Common Pleas decision granting summary judgment for defendants-appellees, Board of Trustees of Fairfield Township ("Trustees"), Butler County, Ohio. We affirm.
On January 22, 1997, the Trustees passed resolution number 97-13, which reconstituted and appointed members to the Fairfield Township Zoning Commission[1]. On December 12, 1997, trustees Ralph Osuna and Donald Dixon, whose terms expired on December 31, 1997, attempted to appoint appellant through resolution number 97-135 to the zoning commission for a five year term from December 20, 1997 to December 19, 2002. However, the only vacant term available on the zoning commission was from February 1, 1997 to January 31, 2002.[2] Appellant's term was non-conforming since it exceeded the unexpired vacant term. However, on January 2, 1998, the Trustees unanimously adopted resolution number 98-4 which repealed appellant's appointment.
On January 14, 1998, appellant filed a complaint alleging that the repeal of his appointment was illegal pursuant to R.C.519.04. Appellant demanded a temporary restraining order and preliminary injunction to enjoin the Trustees from enforcing resolution number 98-4. On February 10, 1998, the Trustees filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), claiming that appellant had failed to state a cause of action.
On February 13, 1998, the trial court denied appellant's request for a temporary restraining order. On February 27, 1998 appellant filed an amended complaint which contained affidavits of Osuna and Dixon and a demand for a writ of mandamus. The trial court converted the Trustees Civ.R. 12(C) motion to dismiss to a motion for summary judgment.[3] On May 1, 1998, the trial court dismissed appellant's complaint, request for injunctive relief, and petition for writ of mandamus.
Appellant timely filed an appeal and asserts the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT.
In his sole assignment of error, appellant argues that resolution number 97-135 did not create a new term, but contained a clerical error in the term designation. As a result, appellant claims that this error does not make his appointment invalid, and the procedure in R.C. 519.04 must be followed to effectively remove him from his appointment. Therefore, appellant contends that the Trustees' failure to comply with R.C. 519.04 makes his removal illegal. We disagree.
Civ.R. 56(C) permits the trial court to grant summary judgment where there is no genuine issue as to any material fact. Welco Industries v. Applied Cos. (1993), 67 Ohio St.3d 344,346. The evidence must be construed in a light most favorable to the nonmoving party, and reasonable minds must then conclude that the movant is entitled to judgment as a matter of law. Id. An appellate court must independently review the record to determine if summary judgment was appropriate. Therefore, an appellate court affords no deference to the trial court's decision while making its own decision. Fitzgerald v.Masland-Hayashiy, Inc. (Dec. 5, 1997), Warren App. No. CA97-05-042, unreported, at 7-8, citing Schwartz v. Bank One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806.
The zoning commission's membership and length of office are governed by R.C. 519.04. R.C. 519.04 states in relevant part: "[t]he [zoning] commission shall be composed of five members * * * to be appointed by the board [of township trustees] and the terms of the members shall be of such length and so arranged that the term of one member will expire each year." Before a member is appointed to the zoning commission, the appointment must be in writing and brought before the Trustees, where it is put to a vote. R.C. 504.10; 504.11. Appointment of a member to the zoning commission is governed by R.C. 504.11, which states:
 (A) The vote on the question of passage of each resolution or motion shall be taken by yeas and nays and entered on the journal, and no resolution or motion shall be passed without the occurrence of a majority of all members of the board of township trustees, except that each emergency resolution shall require the affirmative vote of all the members of the board for its enactment. If an emergency resolution fails to receive the required vote for passage as an emergency measure but receives the necessary majority for passage as a nonemergency resolution, it shall be considered passed as a nonemergency resolution. * * * [A nonemergency] resolution shall become effective thirty days after it is filed with the township clerk. However, the failure or refusal of the clerk to sign a resolution shall not invalidate an otherwise properly enacted resolution.
(Emphasis added).
A board of trustees may repeal a resolution provided that it is submitted in writing by a board member to the trustees. "No resolution * * * shall be revised or amended unless the new resolution contains the entire resolution, section, or division as revised or amended, and the resolution * * * so amended shall be repealed." R.C. 504.12. If a board of trustees seeks to remove a member from a zoning commission, the action is governed by R.C. 519.04. R.C. 519.04 states that members of the zoning commission "shall be removable for non performance of duty, misconduct in office, or other cause by the board." However, before a member can be removed from office, a public hearing must be held, and written charges must be filed with the board of trustees and given to the member at least ten days before the hearing. Further, the zoning commission member must be given an opportunity to defend.
In the present case, appellant complains that the Trustees did not follow R.C. 519.04 and as a result, his removal was "illegal, improper and contrary to the procedures established by Revised Code 519.04." Resolution number 97-135 explicitly states that the Trustees appointed appellant to the zoning commission to a five year term from December 20, 1997 to December 19, 2002. A notation was made on resolution number 97-135 stating that the resolution did not pass unanimously and was considered a nonemergency resolution. The Fairfield Township Clerk signed the resolution on December 10, 1997. According to R.C. 504.11(A), appellant's appointment would not be effective until January 11, 1998.
A plain reading of R.C. 519.21 reveals that its procedure applies to "members" of a zoning commission. R.C. 504.12 states that a nominee becomes a "member" from a nonemergency appointment within thirty days after the clerk signs the resolution. It is clear from the record that prior to January 11, 1998, appellant was not a member of the zoning commission, thus R.C. 519.04 is inapplicable in this case. On January 2, 1998, within the thirty day time limit, the trustees set forth a motion in writing to repeal resolution number 97-135 which was unanimously passed.
Based upon the evidence construed in appellant's favor, resolution number 97-135 states that appellant was appointed to the zoning commission for a five year term from December 20, 1997 to December 19, 2002, a nonexistent term. The remedy available to the Trustees was to amend or repeal the resolution pursuant to R.C. 504.12. The record reflects that the Trustees properly followed R.C. 504.12 when they repealed resolution number 97-135. Therefore, there is no genuine issue as to any material fact that appellant's appointment was properly repealed.
In addition, appellant filed a petition for writ of mandamus claiming that the trial court was required to reinstate his appointment. Unless a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the law, an action in mandamus will not lie. See Pressley v. IndustrialCommission, (1967), 11 Ohio St.2d 141. The board of trustees had no clear legal duty to reinstate appellant's appointment. Therefore, we find that appellant's writ of mandamus was properly denied.
The facts presented by appellant do not demonstrate that the Trustees' conduct violated the law. We find that no reasonable mind could conclude that appellant is entitled to be appointed to the zoning commission as a matter of law. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] The Trustees appointed Barney Landry to a term from February 1, 1997 to January 31, 2000, Don Sykes to a term from February 1, 1997 to January 31, 1999, Doug Crawford to a term from February 1, 1997 to January 31, 1998, and left two vacancies with terms from February 1, 1997 to January 2001 and February 1, 1997 to January 31, 2002.
[2] The resolution passed with a two to three vote. R.C. 504.11(A) states that when an unanimous vote is not made, then the resolution is considered a nonemergency and will not become effective until thirty days after it is filed with the township clerk.
[3] The trial court's May 1, 1998, judgment entry notified the parties that the court would be considering the Civ.R. 12(C) motion as a motion for summary judgment under Civ.R. 56(C). Neither party objected or has appealed this determination.