[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parraz v. Diamond Crystal Brands, Inc.,* Slip Opinion No. 2014-Ohio-4260.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4260

THE STATE EX REL. PARRAZ, APPELLANT, *v.* DIAMOND CRYSTAL

BRANDS, INC. ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. Parraz v. Diamond Crystal Brands, Inc.,***

**Slip Opinion No. 2014-Ohio-4260.]**

*Workers' compensation—Temporary-total disability—Voluntary abandonment of employment precludes compensation—Claimant voluntarily abandoned employment by violating written workplace policy—Policy required termination upon exceeding limit of allowed instances of tardiness or absences—Claimant knew of policy—Violation need not be willful.*

(No. 2013-0608—Submitted July 8, 2014—Decided October 2, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-806,

2013-Ohio-764.

_____

**Per Curiam**.

{¶ 1} Appellant, Elena Parraz, was fired by her former employer, appellee Diamond Crystal Brands, Inc., for violating the written attendance policy

in her union contract. Parraz subsequently requested temporary-total-disability compensation for a work-related injury. The Industrial Commission determined that her termination had met the criteria under *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401, 650 N.E.2d 469 (1995), for voluntary abandonment of employment that precluded payment of benefits. The court of appeals concluded that the evidence supported the commission's finding of voluntary abandonment.

{¶ 2} We affirm the judgment of the court of appeals.

{¶ 3} The claimant, Elena Parraz, was injured at work on July 20, 2010. She sought treatment the following day and was placed on restricted work duties. On July 27, 2010, she filed a workers' compensation claim, which was allowed for "sprain lumbosacral, left." Medical benefits were ordered paid, but no compensation was payable because there had been fewer than eight days of disability. Diamond Crystal accommodated her medical restrictions and she returned to light-duty work.

{¶ 4} While at Diamond Crystal, Parraz was employed under a union contract that contained a point-based attendance policy. According to the policy, an employee accumulated points for each instance of tardiness or absence from work, ranging from one-half to two points. The union contract explained the point system in detail. An employee who receives 14 points is terminated. Parraz acknowledged that had she received a copy of the attendance policy.

{¶ 5} As of the date of her injury, Parraz already had 10.5 attendance points on her record. By September 9, 2010, she had accumulated 12 attendance points—none were attributed to her industrial injury—and, in accordance with the attendance policy, the company issued a final written disciplinary warning. On February 11, 2011, Parraz was terminated when she accumulated 14 points.

{¶ 6} Parraz filed for temporary-total-disability compensation beginning February 14, 2011. A district hearing officer determined that Parraz had been

terminated for violating a written work rule; thus, she had voluntarily abandoned her employment and was not eligible for compensation. Based on the claimant's statement at the hearing that her absence on February 3, 2011, was due to illness and the tardiness on February 4, 2011, was because of a flat tire, the hearing officer rejected the argument that her industrial injury caused her termination.

{¶ 7} A staff hearing officer affirmed. The hearing officer concluded that Parraz was terminated for violating the attendance-policy point system in her union contract. According to the hearing officer, the written union contract clearly defined the prohibited conduct under the written attendance policy, the claimant knew or should have known the terms of the attendance policy in her contract, and by November 14, 2010, she acknowledged that she was only two points short of termination. Thus, the hearing officer concluded that, per *Louisiana-Pacific*, her termination was a voluntary abandonment that barred payment of temporary-total-disability compensation.

{¶ 8} Parraz filed a complaint for a writ of mandamus in the Tenth District Court of Appeals. She argued that although her employer had the right to terminate her under the attendance policy, her absences were negligent, not willful or intentional, and should not bar temporary-total-disability compensation.

{¶ 9} The case was referred to a magistrate, who determined that the evidence demonstrated that the employer had satisfied its burden of proof that Parraz was terminated for violating a written work rule. The magistrate cited the claimant's attendance problems before her industrial injury and the lack of contemporaneous medical evidence that subsequent absences were the result of her industrial injury. Thus, the magistrate concluded that the commission did not abuse its discretion when it denied her request for temporary-total-disability compensation.

{¶ 10} In a split decision, the court of appeals overruled the objections filed by Parraz. First, the court noted that Parraz was aware of the attendance

policy, routinely violated it, and had accumulated most of the 14 points before her injury. The court determined that her repeated absences demonstrated an indifference to or disregard for workplace rules and policies. As such, the absences were sufficient to support a finding for voluntary abandonment. Next, the court concluded that Parraz did not present any contemporaneous medical evidence that her absences were related to her industrial injury. The court denied the writ.

{¶ 11} According to the dissenting judge, the doctrine of voluntary abandonment should not apply to the facts of this case.

{¶ 12} This matter is before the court on the claimant's appeal as of right.

{¶ 13} To be entitled to relief in mandamus, the claimant must establish that she has a clear legal right to relief and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph nine of the syllabus. To do so, she must demonstrate that the commission abused its discretion and, "in this context, abuse of discretion has been repeatedly defined as a showing that the commission's decision was rendered without some evidence to support it." *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987).

{¶ 14} The issue before us is whether the claimant's termination from employment for violating the attendance policy was evidence of voluntary abandonment that justified the commission's order denying temporary-total-disability compensation. Parraz does not dispute that she had accumulated 14 points and was subject to termination under the union contract. Instead, she argues that the commission had no evidence that she knowingly and intentionally engaged in conduct that she knew would lead to termination; rather, her tardiness and absences were not intentional.

{¶ 15} This court has held that an employee's firing can constitute voluntary abandonment of a former position of employment because discharge "

4

'is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character.' " *Louisiana-Pacific,* 72 Ohio St.3d at 403, 650 N.E.2d 469, quoting *State ex rel. Watts v. Schottenstein Stores Corp.*, 68 Ohio St.3d 118, 121, 623 N.E.2d 1202 (1993). A discharge may constitute a voluntary abandonment of employment when it is the result of "the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee." *Id.* This rule comports with the underlying principle that "an employee must be presumed to intend the consequences of his or her voluntary acts." *Id.*

{¶ 16} An employee's violation of a work rule or policy need not be willful or deliberate, but merely a voluntary act that the employee knew may lead to termination of employment. *State ex rel. Brown v. Hoover Universal, Inc.*, 132 Ohio St.3d 520, 2012-Ohio-3895, 974 N.E.2d 1198, ¶ 11; *Watts* at 121; *Louisiana-Pacific* at 403. With respect to negligent or careless actions that result in termination of employment, "there may be situations in which the nature or degree of the conduct, though not characterized as willful (e.g., repeated acts of neglect or carelessness by an employee), may rise to such a level of indifference or disregard for the employer's workplace rules/policies to support a finding of voluntary abandonment." *State ex rel. Feick v. Wesley Community Servs.*, 10th Dist. Franklin No. 04AP-166, 2005-Ohio-3986, ¶ 6. These cases are fact driven and must be determined on a case-by-case basis. *Id*. at ¶ 4.

{¶ 17} Here, Parraz met the criteria of *Louisiana-Pacific*. She was aware of the attendance policy in her union contract. She had a history of attendance problems prior to her industrial injury. She was warned of the number of points she had accumulated and was aware that she was close to the mandatory number for discharge. Consequently, we agree that the commission did not abuse its

discretion when it determined that her termination was the result of a voluntary abandonment that precluded payment of temporary-total-disability compensation.

{¶ 18} In addition, Parraz failed to demonstrate a causal relationship between her industrial injury and the loss of earnings she hoped to replace with temporary-total-disability compensation. Parraz did not provide any contemporaneous medical evidence to establish that her absences or tardiness that resulted in termination had been caused by her industrial injury. "[T]o qualify for [temporary-total-disability] compensation, the claimant must show not only that he or she lacks the medical capability of returning to the former position of employment but that a cause-and-effect relationship exists between the industrial injury and an actual loss of earnings. In other words, it must appear that, but for the industrial injury, the claimant would be gainfully employed." *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35.

{¶ 19} Next, Parraz argues that the employer had the burden to prove that she voluntarily and intentionally engaged in misconduct that she knew would result in her discharge. She contends that there was insufficient evidence to support that conclusion; thus, the employer failed to meet its burden of proof. We do not agree. As the court of appeals concluded, "[t]he burden of proof was on Diamond Crystal to establish that [the claimant] violated a written-work rule she knew or should have known would result in her termination. Diamond Crystal did." *State ex rel. Parraz v. Indus. Comm.*, 10th Dist. Franklin No. 11AP-806, 2013-Ohio-764, ¶ 69.

{¶ 20} In conclusion, Parraz failed to establish that the commission abused its discretion when it denied her request for temporary-total-disability compensation. Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

6

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents without opinion.

_____

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellant.

_____