**The STATE ex rel. PIERCE**

**v.**

**DOWLER, Chief.**

[Cite as *State ex rel. Pierce v. Dowler* (1993), 89 Ohio App.3d 670.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–588.

Decided Aug. 3, 1993.

*Timothy Pierce, pro se.*

*Lee Fisher,* Attorney General, and *Jeffrey W. Clark,* Assistant Attorney General, for respondent.

———

DESHLER, Judge.

This matter is before the court on respondent's motion to dismiss relator's petition for a writ of mandamus.

Relator, Timothy Pierce, filed this action in mandamus on April 26, 1993, requesting that this court issue an order compelling respondent, Marlin R. Dowler, in his capacity as Identification Chief of the Ohio Bureau of Criminal Identification and Investigation ("BCI"), to comply with relator's public records request under R.C. 149.43. Relator alleges in his petition that on December 31,

1992, he served BCI with a request under R.C. 149.43 for certain files, records, and documents related to criminal proceedings against relator. BCI responded by sending relator his validated criminal history record. Relator asserts that BCI has only partially complied with his records request, and that other documents, in BCI's file, have not been released despite further requests by relator.

Respondent has filed a motion to dismiss for lack of jurisdiction, and, in the alternative, failure to state a claim for which relief can be granted, due to the fact that BCI has released all available records in its possession concerning relator. We will address only the jurisdictional issue.

Under Ohio's public record law contained in R.C. 149.43(C), a person allegedly aggrieved by the failure of a public official to comply with a request for public records may bring a mandamus action in the court of appeals for the appellate district in which the records are withheld. Respondent points out that the public official named in relator's petition exercises his functions at the BCI main office in London, Ohio. Respondent further notes that London is in Madison County, and therefore lies within the Twelfth Appellate District, rather than the Tenth District where this action has been brought.

Respondent's motion to dismiss for lack of jurisdiction, however, is only well taken to the extent that it demonstrates improper venue. The mandamus jurisdiction of the court of appeals is founded in the Ohio Constitution, Section 3(B)(1)(b), Article IV. "This constitutionally granted original jurisdiction * * * of the Court of Appeals in mandamus cannot be abridged or limited by statutory enactment." *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 149, 40 O.O.2d 141, 146, 228 N.E.2d 631, 639. The requirement under R.C. 149.43(C) for bringing an action in the district where the failure to release records occurred cannot, therefore, be read as a restriction on the jurisdiction of this court, but rather as a determination of proper venue. Respondent's motion citing R.C. 149.43(C) is therefore sustained only with respect to improper venue, and the cause will not be dismissed but transferred pursuant to Civ.R. 3(B)(4) and 3(C). The clerk of this court is, therefore, directed to transfer this cause to the Clerk of the Twelfth Appellate District of Ohio, for further proceedings.

*Motion to dismiss granted*
*to the extent stated*
*and action transferred.*

WHITESIDE and BOWMAN, JJ., concur.