[Cite as *State ex rel. Sylvia v. Am. Corr. Assn.*, 2022-Ohio-3568.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL.<br>JOHN SYLVIA | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2022 CA 0029 |
| | : | |
| AMERICAN CORRECTIONAL | : | |
| ASSOCIATION | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Complaint for Writ of Mandamus


JUDGMENT:                                        DISMISSED


DATE OF JUDGMENT ENTRY:          October 3, 2022


APPEARANCES:

For:  Relator

JOHN SYLVIA #A764-470
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, OH 44901

For:  Respondent

NICHOLAS D. ATTERHOLT
Weldon, Hutson & Keyser, LLP
76 N. Mulberry St.
Mansfield, OH 44902

*Delaney, J.*

{¶1} On May 2, 2022, Relator John Sylvia filed a Complaint for Mandamus against Respondent American Correctional Associates ("ACA"). Sylvia contends ACA failed to respond to his public records request. On June 1, 2022, ACA filed an Opposition to Complaint for Writ of Mandamus. The Court will address ACA's pleading as a Motion for Summary Judgment and grants the motion.[1]

## I. Background

{¶2} Sylvia is currently incarcerated in the Richland Correctional Institution. He asserts the ACA is the functional equivalent of a state agency, who is the associate of the ODRC and a holder of information. Sylvia requested the following information from ACA: "Full disclosure on the creation of the [ODRC], How the [ODRC] is funded, and their dut(ies), and relationship with other agency(ies), who they work with, and the [ODRC] primary function."

{¶3} Sylvia claims his request has gone unanswered and ACA has not given notice of receipt of the request or an explanation why this information was not made available for inspection through the public records request under R.C. 149.43(B)(3). Sylvia requests that we compel ACA to respond within a reasonable time to his request, order the documents produced at a reasonable cost and award him statutory damages.

---

[1] In a Judgment Entry filed on July 22, 2022, the Court converted Respondent's Opposition to Complaint for Writ of Mandamus into a summary judgment motion and allowed the parties to submit additional evidence and briefing.

**II. Elements for writ of mandamus and Civ.R. 56 standard**

A. *Elements for writ of mandamus*

{¶4} Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 9. The Ohio Supreme Court construes the Public Records Act as "'liberally in favor of broad access'" to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶5} Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehabilitation and Correction*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22.

B. *Summary judgment standard*

{¶6} A court may grant summary judgment, under Civ.R. 56 if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317,

327, 364 N.E.2d 267 (1977). The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶7} The moving party bears the initial responsibility of identifying the basis for the motion and those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact exists." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 789 (1988).

### III. Analysis

{¶8} Sylvia requests the Court issue an order requiring ACA to produce certain records. In support of this argument, Sylvia alleges ACA is the "functional equivalent" of a government or state agency and therefore, is subject to Ohio's Public Records Act.

{¶9} The Complaint for Writ of Mandamus indicates ACA is located in Alexandria, Virginia. In its Opposition to Complaint for Writ of Mandamus, ACA attached the affidavit of Jeffrey Washington, the Deputy Executive Director of ACA. [Washington Affid., ¶ 2] In his affidavit, Mr. Washington avers:

> 3. ACA is a private, not-for-profit corporation organized under the laws of the State of New York. ACA's offices are located in Alexandria, Virginia. ACA is a charitable, educational organization exempt from federal

income taxation under section 501(c)(3) of the Internal Revenue Code. ACA has no office or physical presence in the State of Ohio.

4. ACA is a voluntary membership association the members of which include correctional officers and other corrections officials at the local, state and federal level.

5. ACA is not an agency of any state, including Ohio.

6. ACA has no record of receiving Realtor's February 22, 2022 request for documents.

7. The documents requested by Relator relate to the original, funding and function of the Ohio Department of Rehabilitation and Correction. ACA would have no reason to have, and in fact does not have, any records within its possession, custody or control which are responsive to Relator's requests.

[Washington Affidavit, ¶ 3-7]

{¶10} Sylvia indicates in the caption of his Complaint for Writ of Mandamus ACA is located in Alexandria, Virginia. R.C. 149.43(C) requires the bringing of a mandamus action in the district where the failure to release records occurred. The language states:

(b) * * * The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or *in the court of appeals*

> *for the appellate district in which division (B) of this section allegedly was*
>
> *not complied with pursuant to its original jurisdiction under Section 3 of*
>
> *Article IV, Ohio Constitution.*

(Emphasis added.) *See State ex rel. Pierce v Dowler*, 89 Ohio App.3d 670, 626 N.E.2d 1033 (10th Dist.), where the Tenth District Court of Appeals transferred a case from the Tenth District to the Twelfth District Court of Appeals because the state agency that failed to produce the requested records was located in the Twelfth District. Thus, the *Pierce* court concluded that seeking mandamus relief in the proper jurisdiction is a venue issue.

{¶11} Here, the agency that allegedly failed to respond to Sylvia's public records request is located in Alexandria, Virginia. Therefore, the Fifth District Court of Appeals, Richland County, is not the proper venue for the filing of this mandamus action since ACA is not located within the jurisdiction of the Court. Any relief would need to be commenced in the state of Virginia under Virginia law. Further, this Court cannot transfer this matter to Virginia and order it to respond under Ohio law.

**CONCLUSION**

{¶12} For these reasons, we grant summary judgment in favor of ACA under Civ.R. 56. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION GRANTED.

CAUSE DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.